William B. **RICHARDSON**, Appellant,

v.

Dee E. **MILLER** et al.

No. 18968.

United States Court of Appeals, Third Circuit.

Argued Feb. 5, 1971.

Decided July 14, 1971.

William B. Richardson, pro se.

John T. Tierney, III, Reed, Smith, Shaw & McClay, Pittsburgh, Pa. (Ira R.

Hill, Pittsburgh, Pa., on the brief), for appellees.

Before McLAUGHLIN and VAN DU-SEN, Circuit Judges, and HANNUM, District Judge.

## OPINION OF THE COURT

HANNUM, District Judge.

This is an appeal from an Order of the District Court dismissing plaintiff's *pro se* civil rights complaint pursuant to Fed.R.Civ.P. 12(b) for lack of jurisdiction. The action was brought under various Amendments to the Constitutions of both the United States and the Commonwealth of Pennsylvania and pursuant to various state and federal civil rights statutes.

The substance of plaintiff's complaint is that the defendants conspired to deprive him of equal protection of the law. Specifically plaintiff alleges in paragraphs EIGHT and NINE of the complaint that the defendants discriminated against him by discharging him from his employment because, (a) he expressed views criticizing and opposing what he believed to be their racially discriminating employment practices, (b) he advocated the election of federal candidates most likely to eradicate unequal employment opportunities, and (c) he advocated, in general, racial equality in employment opportunities.[1]

Mindful of the salutary rule to liberally construe *pro se* civil rights complaints and of the standard to be applied under a Rule 12(b) motion, the District Court nevertheless was unable to conclude that there existed a basis upon which federal jurisdiction could properly be invoked.

It is immediately apparent that under the Pennsylvania Human Relations Act, Pa.Stat.Ann. Tit. 43, § 955 (Supp. 1970), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3, plaintiff had an available forum in which to present the charges contained in his complaint. Unfortunately, plaintiff failed to avail himself of the procedures provided by the Acts to afford redress for violations of the type alleged here. Since plaintiff failed to file a charge with the respective Commissions within the appropriate time periods, he is now foreclosed from pursuing the remedies provided by the Acts.

In addition, the filing of such a charge with the Equal Employment Opportunity Commission is a statutory prerequisite to commencing a civil action in federal district court. Thus, the allegation of jurisdiction under 42 U.S.C. §

---

1. Paragraphs EIGHT and NINE of plaintiff's Complaint are as follows:

   "EIGHT. That the defendants did, with purposeful intent, conspire to deny plaintiff the equal protection, privileges, and immunities of the laws by discriminating against plaintiff as to compensation, tenure, terms, and conditions of employment when the plaintiff was the best able and most competent to perform the service required, and such conspiracy and discrimination arose because of plaintiff's age, his support and advocacy of constitutional and legal rights including those protections enumerated in the Pennsylvania Human Relations Laws; his opposition to the defendants' policy of hiring only gentile Caucasians contrary to the Equal Employment Opportunity Laws of the United States; and his support and advocacy of Presidential, Vice-Presidential and Congressional candidates most likely, in plaintiff's opinion, to eradicate such inequities.

   "NINE. That the defendants did conspire, purposefully and intentionally, to deny plaintiff the equal protection, privileges, and immunities of the laws by firing the plaintiff; and, through such act, so humiliate and humble him that he would take no action under his constitutional rights and the statutes that should protect him; further, the defendants so conspired because they could not condone plaintiff's advocacy of racial equality and his opposition to the practice of racial intolerance and discrimination that existed within the corporate structure in Greensburg; and his support and advocacy of Presidential, Vice-Presidential and Congressional Candidates committed to eradicating such prejudices. The defendants believed that plaintiff's age was such that through said discriminatory act he would be so defamed and so degraded that he would be unable to find local employment and would have to leave the area."

2000e–3 must fail. Dent v. St. Louis-San Francisco Railway Co., 406 F.2d 399, 403 (5th Cir. 1969); Stebbins v. Nationwide Mutual Insurance Co., 382 F.2d 267 (4th Cir. 1967), cert. denied, 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880, reh. denied, 390 U.S. 976, 88 S.Ct. 1061, 19 L.Ed.2d 1199 (1968).

Plaintiff also attempted to invoke federal jurisdiction pursuant to 28 U.S.C. § 1343, claiming that he was the victim of a conspiracy in violation of 42 U.S.C. § 1985(3).

The jurisdictional barrier that confronted plaintiff with respect to an action brought under Section 1985 stemmed from the decision of the Supreme Court in the case of Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). In *Collins*, Section 1985 was judicially interpreted to require as a prerequisite to federal subject matter jurisdiction that the action complained of being performed under "color of law." Private conspiracies were thereby effectively removed from the class of conspiracies which were prohibited by Section 1985.[2]

In the present case all of the defendants alleged by the plaintiff to be conspirators are private individuals who in no way act under "color of law." Absent this essential element, the district court concluded that plaintiff's attempt to invoke federal jurisdiction here too must fail.

The Supreme Court, however, has very recently reviewed the requirements for stating a cause of action under Section 1985(3) and has, in effect, eliminated the necessity of state action as formerly required by the narrow judicial interpretation expressed in *Collins*. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

In *Griffin*, the Court concluded that Section 1985(3) embraced private conspiracies to deprive any person of equal protection of law or equal privileges and immunities under the law where there exists a "racial, or perhaps otherwise class-based invidiously discriminatory animus" behind the conspirators' action. "The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Griffin, supra,* at p. 102, 91 S.Ct. at p. 1798.

The question facing this court is whether the allegations of plaintiff's complaint (particularly paragraphs EIGHT and NINE) are sufficient to constitute the "racial, or perhaps otherwise class-based invidiously discriminatory animus" required by *Griffin*. While the question is very close, particularly because unlike Griffin the plaintiff is not a member of the class allegedly discriminated against, we have concluded that, in light of the trend in recent decisions to "accord [to the civil rights statutes] a sweep as broad as [their] language." *Griffin, supra,* p. 97, 91 S. Ct. p. 1796, and in light of the standard by which these allegations must be viewed when faced with a motion under Rule 12 of the Federal Rules of Civil Procedure, the question must here be answered in the affirmative.

We realize that the district court did not have the benefit of the Supreme Court's opinion in *Griffin* when it filed its March 25, 1970 Order from which this appeal was taken. However, we nonetheless conclude that the *Griffin* decision provides an adequate basis upon which to conclude that plaintiff's complaint at least states a cause of action under Section 1985(3).

Accordingly, the Order of the district court will be reversed and the matter will be remanded for proceedings consistent with this opinion.

---

2. The conspiracy alleged in this complaint involved even fewer individuals than took part in the *Collins* case and was clearly not a conspiracy comparable to the one described at 341 U.S. 662, 71 S.Ct. at 942 consisting of "around 550,000, * * [including] 'nearly the entire adult male white population of the South.'"