**Nan PENDRELL, Plaintiff,**

v.

**CHATHAM COLLEGE et al., Defendants.**

**Civ. A. No. 74–621.**

United States District Court, W. D. Pennsylvania.

Dec. 5, 1974.

**342**

James H. Logan, Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

H. Woodruff Turner, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for defendants.

## OPINION

TEITELBAUM, District Judge.

On December 10, 1971, the plaintiff in these actions, a former associate professor of anthropology at Chatham College, filed suit under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) alleging that her Constitutional rights under the First, Fifth and Fourteenth Amendments had been violated when her contract of employment with defendant college was not renewed (Pendrell v. Chatham College et al., Civil Action No. 71–1160). On January 23, 1974, this Court entered an opinion (370 F.Supp. 494) on defendant's motion to dismiss in that case, holding that because Chatham College was a private institution, the "state action" requisite of § 1983 was not met and plaintiff was unable to state a claim for relief under that section. The January opinion also held that plaintiff had stated a cause of action under § 1985(3).

On June 24, 1974 plaintiff filed, under a new civil action number, what is captioned an Amended Complaint. The case is now before the Court on defendants' motion to dismiss plaintiff's amended complaint.

Defendants originally moved to dismiss the amended complaint for lack of diversity jurisdiction. However, they withdrew that contention when plaintiff filed an affidavit stating that she is and has been a resident of the State of New York. The defendants are residents of the State of Pennsylvania. Therefore, the amount in controversy exceeding ten thousand dollars, the parties being citizens of different states, original diversity jurisdiction exists in this Court over this action. Of course, the fact that jurisdiction exists does not necessarily lead to the conclusion that plaintiff has stated at this number a claim upon which relief can be granted. It is to this latter point that the remainder of defendants' contentions in support of their motion to dismiss are directed.

In order to provide a context for the discussion which will follow, the new

"causes of action" alleged in plaintiffs' amended complaint will be listed *seriatim*. 1.) Paragraph 31 of the amended complaint alleges that the defendant violated plaintiffs' rights under the First and Fourteenth Amendments to the Constitution of the United States and Article I, Section 7 of the Constitution of Pennsylvania, P.S.[1] 2.) Paragraph 32 of the amended complaint purports to seek damages for the alleged violation of the Fifth and Fourteenth Amendments to the Constitution of the United States; 3.) Paragraph 33 of the amended complaint seeks damages based upon violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section Nine of the Constitution of Pennsylvania.[2] 4.) Paragraph 34 of the complaint alleges that this Court may permissibly exercise pendent jurisdiction over the State law claims made in the remaining paragraphs. The first of these state law claims is the allegation that defendant Eddy defamed plaintiff on or about October 30, 1971 and again on or about May 26, 1972; 5.) Paragraph 36 of the amended complaint alleges that a trespass actionable under state law was committed by defendants in the fall of 1971 when they failed to renew plaintiff's employment.

## ANCILLARY OR PENDENT JURISDICTION

Plaintiff's attempt to annex state law claims to this case will be discussed first. The Court is urged to exercise what plaintiff terms its "pendent" jurisdiction over the state law allegations of defamation and trespass made in the amended complaint. Both "pendent" and "ancillary" jurisdiction mean that a Federal District Court may acquire jurisdiction of a case or controversy as an entirety, and may, as an incident to disposition of a matter properly before it, exercise jurisdiction to decide other matters raised by the case, matters of which it could not take cognizance were they independently presented. Wright, Law of Federal Courts, § 9, p. 19, (2d ed. 1970). Pendent jurisdiction exists where a Federal Court has Federal question jurisdiction over the original claim, whereas ancillary jurisdiction exists where the Court has exercised diversity jurisdiction over the original claim. Since plaintiff has urged and the Court has found that original jurisdiction exists in this action by virtue of the Court's diversity jurisdiction, plaintiff's urging that this Court hear her State law claims might be more properly labelled a request that the Court exercise ancillary rather than pendent jurisdiction. Under any circum-

---

1. Article I, Section 7 of the Constitution of Pennsylvania provides: "The printing press shall be free to every person who may undertake to examine the proceedings of the Legislature or any branch of government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty. No conviction shall be had in any prosecution for the publication of papers relating to the official conduct of officers or men in public capacity, or to any other matter proper for public investigation or information, where the fact that such publication was not maliciously or negligently made shall be established to the satisfaction of the jury; and in all indictments for liables the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases."

2. Article 1, Section Nine of the Constitution of Pennsylvania provides: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land."

stances, the exercise of ancillary or pendent jurisdiction is discretionary with the Court. That is to say, while it is Constitutionally *permissible* to look to considerations of judicial economy, convenience and fairness to litigants and hear appended state law claims, it is not Constitutionally *required*. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Wright, Law of Federal Courts, *supra.* §§ 9 and 20. With this background in mind, plaintiff's State law claims will be scrutinized.

■ In the first place, it is readily apparent that plaintiff has stated no cause of action under the Pennsylvania Constitution. Article I, Section 7 of the Constitution of Pennsylvania, quoted above, a section of the Pennsylvania Bill of Rights, imposes a limitation upon the power of the State to interfere with freedom of the press and freedom of speech, but contains no self-executing private cause of action, express or implied. Moreover, plaintiff cites the Court to no Pennsylvania case law which implies such a cause of action from this section of the state Constitution.

■ Article 1, Section 9 of the Pennsylvania Constitution, quoted above, also is devoid of any reference, express or implied, to a private cause of action for violation of the rights granted in that section. Moreover, by its express terms, Section 9 applies to criminal prosecutions. There is nothing in the original complaint, in the amended complaint, nor in the known facts surrounding this case which relates in any way whatsoever to a criminal proceeding. Plaintiff is clearly unable to state a cause of action under the two above-cited sections of the Pennsylvania Constitution.

### RELATION BACK UNDER F.R.CIV.P. 15(c)

Plaintiff's state law claims for defamation and trespass, present a closer and more difficult question. Defendant claims that plaintiff's defamation and trespass actions are barred by the one-year Pennsylvania statute of limitations for torts. 12 Pa.Stat.Ann. §§ 31, 32. Plaintiff, on the other hand, asserts that because she had filed another suit with this Court based upon the same general transaction or series of events which form the basis of the instant amended complaint, the Pennsylvania statute of limitations was tolled with the filing of the first case. The issue is not quite as simple as either party apprehends it to be.

Rule 15(c) of the Federal Rules of Civil Procedure reads in relevant part as follows:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." [3]

For purposes of this motion, and because plaintiff has captioned it as such, plaintiff's amended complaint filed in June of 1974 shall be deemed to be an amended pleading within the meaning of F.R.Civ.P. 15(c).

Professors Wright and Miller at 6 Federal Practice and Procedure, § 1497

---

3. "Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford. Thus, if the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged, such as by specifying particular acts of negligence under a general allegation of negligence, or remedies a defective pleading, will relate back even though the statute of limitations has run in the interim. . . . The Federal Rules have broadened the meaning of the concept of 'cause of action,' shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim." 3 Moore's Federal Practice, ¶ 15.15[3], pp. 1025–27 (footnotes omitted) (2d Ed. 1974).

summarize the learning applicable to Rule 15(c) [4] as follows:

"The first sentence of Rule 15(c) enunciates the basic principle that an amended pleading alleging a new or different claim or defense will not relate back unless it arose out of the conduct, transaction, or occurrence that was set forth or was attempted to be set forth in the original pleading. When plaintiff attempts to allege an entirely different transaction by amendment, as, for example, the separate publication of a libellous statement or the breach of an independent contract, the new claim will be subject to the defense of statute of limitations . . . . Because the rationale of the relation-back rule is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties, the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the Rule, the Courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading. Only if the original pleading has performed that function, which typically will be the case if the letter of the test set forth in Rule 15(c) is satisfied, will the amendment be allowed to relate back to prevent the running of the limitations period in the interim from barring the claim or defense.

. . . An approach that better reflects the liberal policy of Rule 15(c) is to determine whether the adverse party, viewed as a reasonably prudent man, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction or occurrence set forth in the original pleading might be called into question." Id. at 489–499.

The general theory of liberalized pleading in Federal Court embodied in Rule 15(c) requires that the Court look to whether the amended pleading speaks to a form of conduct, a transaction or an occurrence set forth in the original pleading and that the Court looked to whether defendant has had fair notice of the general fact situation and legal theory upon which plaintiff proceeds. Here, plaintiff originally brought suit because she had been fired, that is the gist of the action at C.A.No. 71–1160. She sought damages because she alleged that this termination of her employment amounted to a deprivation of certain of her civil rights. To construe the "conduct, transaction or occurrence" language of Rule 15(c) broadly so as to mean that plaintiff may append causes of action to her original complaint, notwithstanding the statute of limitations, so long as the amended pleadings arise out of the same general fact situation would be to needlessly restrict the necessary discretion of federal district courts to accept or reject the product of lawyers' creativity in any given instance. A more reasonable interpretation of F. R.Civ.P. 15(c) does not permit lawyers to endlessly answer the question: How many causes of action can you find in this fact situation? much as they might have done years earlier in law school examinations. Actions for defamation and actions for common law trespass have little if anything to do, in theory or in fact, with actions for deprivation of one's civil rights. True, it is conceivable that the actions may be combined and that the actions may arise out of the same fact situation, but many

---

4. Traditionally, and without reference to F. R.Civ.P. 15(c), the law as to this question has been that the amendment of a complaint is not precluded after the running of the statute of limitations if the amendment makes no change in the cause of action, with the tests to be applied being: 1.) whether a judgment would bar any further action on either; 2.) whether the same measure of damages supports both; 3.) whether the same defense is open in each; and 4.) whether the same measure of proof is required. 22 Pennsylvania Law Encyclopedia § 108 pp. 512–516.

things which are conceivable at law are nevertheless, for good reason, not permissible under the Federal Rules.

The thinking behind the liberalized pleadings of the Federal Rules in general, and Rule 15(c) in particular, is clearly the avoidance of a multiplicity of actions where such a situation is not necessary. But there is also another consideration at hand in any decision of this sort that a Federal District Court must make. That is the avoidance of a multiplicity of issues in any given case, with its resultant confusion to the factfinder. This consideration becomes especially piquant where a party attempts to inject a multiplicity of issues into a case at a well-advanced stage. Although plaintiff may not necessarily be limited to "one bite of the apple" in this regard, she is limited by the always-pertinent consideration of fairness. Fairness in this instance involves questions of notice, liberalized pleading, relation back of the statute of limitations, and finely-drawn interpretations of the phrases "cause of action" and "transaction, occurrence or conduct."

█ I will hold under the facts of this case that the liberalized pleading of the Federal Rules and F.R.Civ.P. 15(c) does not mean or require that plaintiff may keep coming back at her leisure, three and one-half years after her original complaint was filed, having noted short-comings in her original approach upon reading this Court's opinion in the originally filed case, and append to it those claims she later considers appropriate. I will rule that because the actions for defamation and trespass in plaintiff's amended complaint do not sufficiently relate back to the conduct, transaction or occurrence complained of in the original complaint, they are barred by the applicable statute of limitations.

## CONSTITUTIONAL CLAIMS

As noted above, plaintiff's Constitutional claims under the second amended complaint are based upon alleged viola-tions of the First, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff cites in this regard no statutory authority for bringing this action under these amendments. Plaintiff does not cite 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3) in her amended complaint, but she does state in her brief that she intends to file a second amendment to the [amended] complaint and that this amendment will cite the above statutes. The Court takes note of plaintiff's "intentions" and will consider the Constitutional claims in her amended complaint to have been brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).

As to those of her Constitutional claims which plaintiff wishes to bring under § 1983, plaintiff is faced with the fundamental obstacle that this Court ruled in its previous opinion that 42 U.S.C. § 1983 is inapplicable to these defendants because Chatham College is a private institution and thus, the state action requisite of the statute cannot be met. There is no need to reiterate the discussion of this question and the Court may turn its attention to those Constitutional claims brought under § 1985(3).

In the original opinion in this case, the Court held that in alleging a conspiracy among the defendants to deprive her of her civil rights, plaintiff had satisfied three of the four requisites for a cause of action under § 1985(3) set out by the Supreme Court in Griffin v. Breckinridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). 370 F. Supp. 494, 500–501. I then went on to say:

"Element (2) of Griffin v. Breckinridge, *supra*, is also satisfied. In explaining element (2), Justice Stewart, writing for a unanimous Court, stated: 'The language requiring intent to deprive of *equal* protection, or *equal* privileges or immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action.' *Id.* [403 U.S.] at

102, [91 S.Ct. 1790 at 1798.] (Emphasis in the original)

In Richardson v. Miller, 446 F.2d 1247 (3rd Cir. 1971), the Third Circuit Court of Appeals concluded that plaintiff's complaint stated a cause of action under Section 1985(3) when it alleged that plaintiff was discharged from his employment because he (1) expressed views criticizing and opposing what he believed to be racially discriminatory employment practices, (2) advocated the election of federal candidates most likely to eradicate unequal employment opportunities, and (3) advocated, in general, racial equality in employment opportunities. Although Richardson himself was not a member of the class discriminated against, the Court concluded that 'in light of the trend in recent decisions to "accord [the civil rights statutes] a sweep as broad as their language," ' plaintiff's complaint was sufficient to constitute the 'racial, or perhaps otherwise class-based invidiously discriminatory animus' required by Griffin.

Thus, plaintiff has satisfied element (2) of Griffin twice over. Insofar as she alleges that she was discriminated against for her advocacy of women's rights, she has satisfied the class-based animus requirement as to a class of which she is a member. Insofar as she alleges that she was discriminated against for her advocacy of the rights of blacks, she has satisfied the requirement as to a class of which she is not a member. The *Richardson* case requires this Court to accept this second factor in satisfaction of element (2) of Griffin. Plaintiff has therefore stated a cause of action under 42 U.S.C. § 1985(3)." 370 F.Supp. at 501.

In Richardson v. Miller, *supra*, a case which on remand was settled by the parties without further opinion being entered, the Court of Appeals panel, per District Judge Hannum, held:

"The question facing this court is whether the allegations of plaintiff's complaint . . . are sufficient to constitute the 'racial, or perhaps otherwise class-based invidiously discriminatory animus' required by Griffin. *While the question is very close, particularly because unlike Griffin, the plaintiff is not a member of the class allegedly discriminated against,* we have concluded that, in light of the trend in recent decisions to 'accord [to the civil rights statutes] a sweep as broad as [their] language' . . . and in light of the standard by which these allegations must be viewed when faced with a motion under Rule 12 of the Federal Rules of Civil Procedure, the question must here be answered in the affirmative.

We realize that the district court did not have the benefit of the Supreme Court's opinion in *Griffin* when it filed its March 25, 1970 Order from which this appeal was taken. However, we nonetheless conclude that the *Griffin* decision provides an adequate basis upon which to conclude that plaintiff's complaint at least states a cause of action under Section 1985(3)." 446 F.2d at 1249. (emphasis added)

The most recent pronouncement by the Third Circuit Court of Appeals on § 1985 is contained in Phillips v. Trello, 502 F.2d 1000 (1974):

"In Griffin v. Breckinridge, 403 U. S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court held that action 'under color of state law' is not an element of a § 1985(3) cause of action. That section makes actionable private conspiracies to deprive a citizen of the equal enjoyment of rights secured to all. Griffin v. Breckinridge overruled Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951), which had held that § 1985(3) did not reach the conspiracy alleged because it was private and not under color of state law. Since the plaintiffs in Griffin v. Breckinridge were Negro citizens of Mississippi and charged harassment on racial

grounds, the Court *expressly reserved the question of whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable under § 1985(3)*. 403 U.S. at 102, n. 9, 91 S.Ct. 1790. Since then, the task of defining the scope of the private conspiracy cause of action under § 1985(3) has been going forward in the lower federal courts. [citations omitted] *Section 1985(3) was enacted as a part of the Civil Rights Act of 1871 and thus draws vitality from the fourteenth amendment as well as the thirteenth.*" *Id.* 502 F.2d at 1004. (emphasis added)

■ The first question here then is whether a § 1985(3) claim must be based upon an allegation of conspiracy to discriminate because of membership in a racial or perhaps otherwise class-based group or whether an allegation of conspiracy to discriminate because of one's advocacy of the rights of such a group is sufficient. Following what I believe to be the clear inference from Judge Gibbons' expression in *Phillips,* I hold that discrimination because of advocacy of the rights of a racial or otherwise class-based group is sufficient. Nothing less would appear to be compatible with making " . . . actionable private conspiracies to deprive a citizen of the equal enjoyment of rights secured to all." I do not mean by this to preclude an even broader extension in an appropriate case. Whether such application might be indicated under other circumstances, I need not here consider because the factual situation here presented does not necessitate such decision.

■ The second particular question is whether § 1985 can support a cause of action for sex discrimination, bearing in mind that, notwithstanding plaintiff's inartful pleading, a cause of action for sex discrimination against a private employer is in essence what is sought to be maintained here. Since § 1985 equally draws its validity from the Fourteenth Amendment as well as the Thirteenth Amendment, and even though the Thirteenth Amendment is applicable only to discrimination against black persons and not to discrimination against women, I will hold that it will. In this instance the Thirteenth Amendment's restrictiveness is overborne by the all-inclusive effect of the Equal Protection clause of the Fourteenth Amendment.

Plaintiff may, of course, contend that various of her Constitutional Rights, such as her First Amendment rights to free speech, have been denied her. Or, she may contend that the exercise of these rights was the reason for defendants' allegedly unwarranted termination of her employment. But, she may do so only within the context of a § 1985(3) action. That is to say, the jury will be faced only with the question of whether defendants conspired to deprive plaintiff of her Constitutional Rights. Because defendant, Chatham College, is a private institution, there will be no question presented to the jury as to whether plaintiff's rights under § 1983 were in any way violated. In addition, of course, plaintiff may introduce evidence that her advocacy of the rights of groups of which she was not a member, for instance, blacks, was the reason for her termination within the context of the § 1985(3) action under which she proceeds.

Therefore, defendants' motion to dismiss will be granted as to those portions of plaintiff's amended complaint which attempt to state a claim under Pennsylvania State Law or 42 U.S.C. § 1983. Plaintiff will be ordered to amend her pleadings so as to conform to this order of court. An appropriate order in accordance with the foregoing opinion will be entered.