John R. NOVOTNY

v.

GREAT AMERICAN FEDERAL SAVINGS & LOAN ASSOCIATION
et al.

Civ. A. No. 76–1580.

United States District Court,
W. D. Pennsylvania.

April 22, 1977.

Stanley M. Stein, Feldstein, Bloom, Greinberg, Stein & McKee, Pittsburgh, Pa., for plaintiff.

Eugene K. Connors, Walter G. Bleil, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION

SNYDER, District Judge.

John R. Novotny filed this Complaint against Great American Federal Savings & Loan (GAF) under 42 U.S.C. § 1985(3), invoking jurisdiction under 28 U.S.C. § 1343 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that GAF fired him from his position because he charged them with discrimination against female employees. GAF has moved to dismiss the Complaint, and the Motion will be granted.

John Novotny was employed by GAF in 1950 and at the time of his termination was an undesignated employee, having not been reelected as Secretary or as a Member of the Board of Directors. He contends that from January, 1966, the individual Defendants, on behalf of GAF, "embarked upon a course of conduct the effect of which was to deny the female employees equal employment opportunity . . . for promotion and advancement." He listed the following types of actions:

"(a) Promoting male employees with less experience, fewer years of service and less qualification over more qualified female employees;

(b) Providing education and training to male employees which was not provided to female employees;

(c) Making known to male employees job vacancies which were not made known to female employees;

(d) Evaluating male employees in accordance with different and subjective criteria than those applied to female employees;

(e) Catagorizing [sic] certain jobs as 'male' or 'female' and promoting in accordance with these categories;

(f) Creating an atmosphere inimical to the asperations [sic] of female employees by subjecting all female employees to the supervision and control [sic]

(g) By providing different and lesser degrees of fringe benefits to female employees than to male employees;

(h) By demoting qualified female employees and replacing them with less qualified male employees."

The female employees had expressed their dissatisfaction with the company's policy, and one of them was fired. Novotny alleges that he supported the female employees before the Board and claims a conspiracy of the individual Defendants to prevent his support of equal employment rights for women. He demands money damages from the Defendants in his Complaint and asks that they be enjoined from any further acts of discrimination and ordered to comply with applicable provisions of the law dealing with equal employment opportunity.[1]

1. Novotny filed a charge with the Equal Employment Opportunity Commission and on December 9, 1976, received a "right to sue" letter from the Commission. He timely brought this suit complying with the requirements of 42 U.S.C. § 2000e-5.

## NOVOTNY'S STANDING

■ The Defendants assert Novotny's lack of standing since he is not being discriminated against. Novotny counters that the Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), held that a plaintiff need not be a member of the class toward which the invidiously discriminatory animus is directed. The Defendants distinguish *Richardson v. Miller*, 446 F.2d 1247 (3d Cir. 1971) which allowed a nonmember to recover, stating that decision was based on the fact the plaintiff was proceeding *pro se* and that fact persuaded the court to be more liberal in its application of the § 1985(3) remedy. Also, the Defendants contend that the *Richardson* case dealt with an issue of race discrimination, and that discrimination on that basis is *per se* invidious, whereas the discrimination alleged to have occurred here is one based on sex, which does not enjoy the same status in the courts.

This issue has been addressed by another member of this Court in *Pendrell v. Chatham College*, 386 F.Supp. 341, 348 (W.D. Pa.1974),[2] where Judge Hubert I. Teitelbaum said (at p. 348):

"The first question here then is whether a § 1985(3) claim must be based upon an allegation of conspiracy to discriminate because of membership in a racial or perhaps otherwise class-based group or whether an allegation of conspiracy to discriminate because of one's advocacy of the rights of such a group is sufficient. Following what I believe to be the clear inference from Judge Gibbons' expression in *Phillips*, I hold that discrimination because of advocacy of the rights of a racial or otherwise class-based group is sufficient. Nothing less would appear to be compatible with making '. . . actionable private conspiracies to deprive a citizen of the equal enjoyment of rights secured to all.' I do not mean by this to preclude an even broader extension in an appropriate case. Whether such application might be indicated under other circumstances, I need not here consider because the factual situation here presented does not necessitate such decision."

We realize that Pendrell, as a woman, was a member of the protected class. (Deft's Brief 11–12). In Judge Teitelbaum's earlier opinion in *Pendrell* (370 F.Supp. 494 (W.D.Pa.1974)), it was pointed out that she was terminated from her employment for "academic and extracurricular involvement in the struggle[s] of black people [and women] for liberation, for basic equality, and freedom of oppression."

We believe that under the *Pendrell* decisions Novotny is not barred from bringing this suit under § 1958(3) simply because he is a male since he alleges suffering a sex-based discrimination.

## ACTS BY A SINGLE ENTITY

■ The Defendants contend that any acts here were by a single entity and thus no conspiracy is charged. They point to *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972), in which the plaintiff, a white lawyer, allegedly was denied the opportunity to rent office space from a corporate landlord and its agents when the landlord found that many of the plaintiff's clients were black. In deciding the adequacy of the allegations of the Complaint to sustain a claim of § 1985(3) violation, the Seventh Circuit stated: (at p. 196)

". . . [i]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally not constitute the conspiracy contemplated by this statute. *Cf. Morrison v. Cali-*

2. Pendrell interprets *Phillips v. Trello*, 502 F.2d 1000 (3d Cir. 1974) in which Judge Gibbons stated (at p. 1005):

"Since the plaintiffs in *Griffin v. Breckenridge* were Negro citizens of Mississippi and charged harassment on racial grounds, the Court expressly reserved the question whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable under § 1985(3) [Citation omitted] Since then the task of defining the scope of the private conspiracy cause of action under § 1985(3) has been going forward in the lower federal courts."

*fornia*, 291 U.S. 82, 92, 54 S.Ct. 281, 78 L.Ed. 664. In this case we believe the evidence fails to establish this element of a § 1985(3) violation."

We note in *Rackin v. University of Pennsylvania*, 386 F.Supp. 992 (E.D.Pa.1974), an English professor claimed denial of tenure by the University, despite recommendations from the tenured members of her department, because she was a woman. The Court denied application of the *Dombrowski* characterization saying: (at pp. 1005–06)

> "[the plaintiff] has alleged many continuing instances of discrimination and harassing treatment by the alleged conspirators. Her allegations comprise much more than 'essentially a single act of discrimination by a single business entity' and therefore the Dombrowski decision is inapplicable."

Novotny here claims that the Complaint has described, with sufficient factual specificity, numerous acts and patterns of discrimination practiced by the corporation against its female employees since 1966, and that therefore an application of the *Rackin* analysis is appropriate.

We believe that Novotny has overlooked an essential element here in that he has suffered only one act of discrimination: his termination in January, 1975.[3] The Complaint does list many acts done by the corporation for which female employees may possibly have a recourse, but those acts were not directed to the Plaintiff himself.

In *Rackin* the court rejected the defendant's contention that Rackin suffered but one act of discrimination (denial of tenure) because the facts alleged in the complaint, if true, clearly showed that she was denied, for a period of at least eight years, privileges enjoyed by the other faculty members because of her sex.

Taking Novotny's allegations in his Complaint as true,[4] he has suffered but a single act of "business entity" discrimination by his termination. More is needed to sustain a claim under § 1985(3) and the Defendants' Motion to Dismiss will be granted as to that cause of action.[5]

## THE ALLEGED § 2000e VIOLATION

■ In their brief, the Defendants contest Novotny's use of 42 U.S.C. § 2000e which provides (2000e–3):

> "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

And they cite in support of their position the Legislative History of the Section which reads (2 U.S.Code Cong. & Adm.News, 1964, p. 2403):

> "Section [2000e–3] makes it an unlawful employment practice for an *employer* to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member or applicant for membership, because he has made a charge, testified, assisted, or participated in any manner in the enforcement of the title."

Novotny's Complaint does not allege that he "made a charge, testified, assisted, or participated in any manner in the enforcement of" Section 2000e. He only spoke out against the company policy at a meeting of the Board of Directors. The intent of the

---

**3.** On or about January 22, 1975, at the annual meeting of the Association, Novotny was not re-elected as the secretary or member of the Board of Directors and further was terminated from his employment with GAF. (Complaint, p. 4)

**4.** For purposes of this Motion, all well pleaded material allegations of the Complaint must be

taken as true. *See, Walker Process Equip. Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965).

**5.** Because of this decision, we need not reach the other issues raised by the Defendants in their challenge to Novotny's § 1985 claim.

Congress was a limited one relating to enforcement of the Title and was not to involve the courts in every board meeting that occurred across the land. It was to prevent acts of retaliation that an employer might otherwise be tempted to perform against an employee because that employee availed himself of his legal right to seek redress for unlawful employment practices. Novotny, by his actions, did not in that sense "oppose" a practice made unlawful by Title VII.

Novotny thus has not provided this Court with any factual basis on which to decide that the Defendants practiced an unlawful employment discrimination in their termination of Novotny which was in violation of 42 U.S.C. § 2000e. At most, the Complaint shows that the female employees have been aggrieved by the actions of GAF but, Novotny has not shown a potential prejudice which he has, or would suffer by the alleged illegal discriminatory employment practices charged in his Complaint for which the Civil Rights laws can give him remedy. The Complaint does not raise "issues as to which he is aggrieved," *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir. 1968), and this Court concludes that the discrimination alleged by Novotny may not properly be asserted in a civil action under Title VII. *Jones v. United Gas Improvement Corp.*, 68 F.R.D. 1, 10 (E.D.Pa.1975).[6]

Since Novotny has not stated a claim for which relief can be granted under 42 U.S.C. § 1985(3) or under 42 U.S.C. § 2000e, the Defendants' Motion to Dismiss the Complaint will be granted.

An appropriate Order will be entered.

---

**6.** Again, our disposition of this issue precludes our consideration of the Defendants' other contentions regarding Novotny's Section 2000e claims.