612 F.Supp. 540 (1985)
John FAUST, Plaintiff
v.
RCA CORPORATION, Defendant.
Civ. No. 84-1403.
United States District Court, M.D. Pennsylvania, Third Circuit Division.
April 10, 1985.
*541 Elliot B. Edley, Edley and Reishtein Wilkes-Barre, Pa., for plaintiff.
Frank C. Sabatino, John H. Leddy, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER
NEALON, Chief Judge.
The plaintiff filed this action on October 19, 1984, alleging the defendant breached an implied employment contract, wrongfully discharged and defamed him. Jurisdiction was based on diversity of citizenship as the plaintiff is a Pennsylvania citizen and the defendant a Delaware corporation. On December 10, 1984, the defendant filed a Motion to Dismiss for Failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment, asserting the plaintiff's claims are preempted by the Labor Management Relations Act. A brief in support of the motion was filed by the defendant dated December 21, 1984 and a brief in opposition to the motion was filed by the plaintiff dated January 28, 1985. On February 11, 1985, the plaintiff filed an amended complaint incorporating his previously alleged counts and adding a new count based upon Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Also, on February 11, 1985, the defendant filed a Reply Brief contending the plaintiff's request to file a new count under § 301 would be untimely. The plaintiff then filed a supplemental brief dated April 9, 1985, addressing the untimeliness issue. The motion is now ripe for disposition. For the reasons set forth below, the court will grant the defendant's motion to dismiss plaintiff's common law claims and deny the defendant's motion regarding the plaintiff's § 301 claim.
The plaintiff, a former employee of the Keystone Jobs Corps Center (Center) operated by a division of RCA, was discharged from his employment on May 22, 1984. The plaintiff contends he was arbitrarily *542 and capriciously discharged without just cause. The defendant asserts that he was discharged for possession of intoxicants on Center property. During his employment, the plaintiff was a member of the Service Employees International Union, Local 406, which was a party to a collective bargaining agreement between itself and Operation and Management Services, Inc., a wholly owned subsidiary of RCA International Service Corporation. The agreement provides: "No employee covered by this agreement shall be disciplined or discharged without just cause." The agreement also establishes a four-step grievance procedure. The Local processed plaintiff's grievance through the first two levels of the procedure and then withdrew the grievance. It is the plaintiff's assertion that the Union did not fairly represent him through the grievance process.
The defendant, in its Motion to Dismiss, alleges that even if all of the plaintiff's averments are accepted as true, the Labor Management Relations Act provides that the collective bargaining agreement is exclusive and supersedes all common law causes of action which might otherwise be available for an alleged wrongful termination. Count I of the complaint asserts that plaintiff had an implied employment contract arising from a company policy that employees would only be terminated for just cause "after all practical steps toward rehabilitation or salvage of the employee [had] been taken and had failed." It is clear, however, that a collective bargaining agreement extinguishes an individual employee's power to alter the terms of an agreement by a separate contract between himself and the employer. See Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468, 1474 (9th Cir.1984). Such a separate agreement would be preempted by the collective bargaining agreement. In the case sub judice, the plaintiff argues that his right not to be dismissed without just cause has been altered to include a requirement that the employer make an attempt at rehabilitation prior to dismissal. Such a provision clearly changes the meaning of the collective bargaining agreement and is, therefore, preempted by that agreement.
In Count II, plaintiff alleges his termination was caused by the defendant's malicious and intentional actions taken without just cause. This common law claim for wrongful termination has also been preempted by the collective bargaining agreement. Id. See also Costello v. United Parcel Service, Inc., Civil No. 84-4869 (E.D.Pa., November 7, 1984); National Labor Relations Act § 301, 29 U.S.C. § 185. An employee protected by a collective bargaining agreement must pursue his grievance remedies under the contract prior to litigating his claim in court. There are a number of exceptions to this rule, however, none of them appear to apply in this case. See Costello, supra at 2-3. Accordingly, Count II will also be dismissed.
In the plaintiff's final common law claim, Count III, he alleges that various of the defendant's employees intentionally mishandled the investigation against him and also defamed and harassed him openly. It is the defendant's contention that this claim is also preempted by the collective bargaining agreement as the allegations concerning these events are "intimately connected" with the plaintiff's discharge. It is clear that the plaintiff's characterization of his claim is not binding on this court. See Olguin, supra at 1472. If the state law claim "arises under" the collective bargaining agreement it may be recharacterized as such. Id. Therefore, it appears that the real issue here is whether the plaintiff was improperly discharged. The Labor Management Relations Act plainly indicates that resolution of this type of dispute should be made pursuant to the collective bargaining agreement. For the above reasons, the court will also dismiss Count III of the plaintiff's complaint.
The plaintiff additionally requests leave to amend his complaint to allege a new cause of action pursuant to Section 301 of the Labor Management Relations *543 Act.[1] The defendant contends that such an amendment is untimely since any claim based upon Section 301 would be barred by the statute of limitations. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff was entitled to file his amended complaint as a matter of right any time prior to a responsive pleading being served. The defendant has filed a Motion to Dismiss, but such a motion is not a responsive pleading under the Rules. See Fed.R.Civ.P. Rule 7(a); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1483 (1971). Therefore, plaintiff was permitted to file his amended complaint. Any claims added by the amended complaint, however, would have to satisfy the Statute of Limitations unless the amended complaint "relates back" to the filing of the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. The six month statute of limitations, here, has clearly expired. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Therefore, the court will consider whether the Section 301 claim relates back to the filing of the original complaint. Rule 15(c) provides that a new claim will not relate back unless it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." When a plaintiff attempts to allege an entirely different transaction by the amended complaint, the new claim will be subject to the defense of the Statute of Limitations. See Pendrell v. Chatham College, 386 F.Supp. 341, 344-45 (W.D.Pa.1974); C. Wright & A. Miller, supra, at § 1497.
Because the rationale of the relationback rule is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties, the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transactions test; although not expressly mentioned in the Rule, the Courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading. Only if the original pleading has performed that function, which typically will be the case if the letter of the test set forth in Rule 15(c) is satisfied, will the amendment be allowed to relate back to prevent the running of the limitations period in the interim from barring the claim or defense.
... An approach that better reflects the liberal policy of Rule 15(c) is to determine whether the adverse party, viewed as a reasonably prudent man, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction or occurrence set forth in the original pleading might be called into question.
Id. at 495-96, 499. Simply because an amended pleading changes the legal theory on which an action was initially brought is "of no consequence if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading." Id. at 500. Therefore, the addition of a statutory cause of action or a change from a common law claim to a statutory claim would not preclude a relation back as long as the amended pleading alleges matter that arises out of the "same conduct, transaction, or occurrence" as set forth in the original pleading. See also DeMalherbe v. International Union of Elevator Constructors, 449 F.Supp. 1335, 1353-54 (N.D. Cal.1978). It is not unreasonable for the court to assume the defendant will anticipate the plaintiff's alleging all possible theories of recovery. Id. at 1354.
In the case sub judice, the plaintiff's § 301 claim in his amended complaint alleges *544 a breach of the collective bargaining agreement by the defendant employer and a failure of the Union to afford the plaintiff fair representation. In his original complaint, the plaintiff contends he was arbitrarily and capriciously discharged without just cause. The defendant has been fully aware of the plaintiff's membership in the Union, Local 406, and of plaintiff's attempt to pursue his grievance through the procedure established by the collective bargaining agreement. The general fact situation out of which the § 301 claim arises is the plaintiff's allegedly improper discharge. Therefore, the new claim does arise out of substantially the same conduct or occurrence set forth in the original complaint. The defendant, accordingly, should have been able to anticipate that a claim similar to the § 301 claim advanced here would likely be added. In light of the liberal policy of Rule 15(c), the defendant's motion to dismiss the plaintiff's § 301 claim as barred by the Statute of Limitations will be denied and plaintiff's claim will be deemed to relate back to the filing of the original complaint.
An appropriate Order will enter.

ORDER
In accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:
(1) The defendant's Motion to Dismiss Counts I, II and III of the plaintiff's original complaint is granted.
(2) The defendant's Motion to Dismiss Count IV of the plaintiff's amended complaint is denied.
NOTES
[1] The plaintiff's Opposition Brief, Document No. 9 of the Record, indicates his request to name the Union as a defendant and also to proceed with the action against the defendant employer. The plaintiff has, however, filed an amended complaint, Document No. 11 of the Record, in which he adds a Section 301 claim as Count IV but does not add the Union as a named defendant.