CLD-159                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1386
_____

STEVEN PAUL FLEMING,
Appellant

v.

UNITED STATES OF AMERICA VETERANS ADMINISTRATION;
SECRETARY OF VETERANS AFFAIRS;
ZANE MEMEGER, ESQ. UNITED STATES ATTORNEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-05675)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2012
Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2012)
_____

OPINION
_____

PER CURIAM

Stephen Fleming appeals from the dismissal of his complaint under 28 U.S.C.

§ 1915A(b)(1) and the denial of his motions for reconsideration.  We have jurisdiction

under 28 U.S.C. § 1291,[1] conducting plenary review of the dismissal and abuse-of-discretion review of denials of post-judgment motions for reconsideration. <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999); <u>Bushman v. Halm</u>, 798 F.2d 651, 656 n.9 (3d Cir. 1986).

We are in full accord with the District Court, and finding no substantial question presented by this appeal, we will summarily affirm the Court's judgment. <u>See</u> <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d Cir. 2011); <u>see also</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. To the extent that the complaint intended to attack conduct taking place in 1989 and 1990, relief is likely forestalled by the limitations periods of both 42 U.S.C. § 1983 and the Federal Tort Claims Act, <u>see</u> 28 U.S.C. § 2401(a), a defect that is clear from the face of the complaint. <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009); <u>Ray v. Kertes</u>, 285 F.3d 287, 296 (3d Cir. 2002); <u>Fratus v. DeLand</u>, 49 F.3d 673, 674–75 (10th Cir. 1995). To the extent that a liberal reading of the pro se complaint, <u>see</u> <u>Richardson v. Miller</u>, 446 F.2d 1247, 1248 (3d Cir. 1971), suggests that Fleming intended to complain of ongoing conduct that might fall within the limitations period—or, in the alternative, were he able to make a case for tolling of the statute of limitations, <u>see, e.g.</u>, <u>Santos v. United States</u>, 559 F.3d 189, 194–95 (3d Cir. 2009); <u>Lake v. Arnold</u>, 232 F.3d 360, 370 (3d Cir.

---

[1] The District Court's order did not comply with Fed. R. Civ. P. 58(a). <u>See</u> <u>In re Cendant Corp. Secs. Litig.</u>, 454 F.3d 235, 242–43 (3d Cir. 2006); <u>see also</u> <u>Kidd v. District of Columbia</u>, 206 F.3d 35, 39 (D.C. Cir. 2000). Therefore, because Fleming's post-judgment motions and notice of appeal were timely filed under Fed. R. Civ. P. 58(c)(2)(B), the appeal itself is timely as to all of his submissions. <u>See</u> <u>CTC Imp. & Exp.</u>

2000)— we find that the complaint still fails to "state a plausible claim for relief."

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 225 (3d Cir. 2011) (citing Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1950 (2009)).  The motions for reconsideration, all of which were

properly denied, amply demonstrate that amendment of the complaint would have been

futile and that granting leave to amend was therefore unnecessary.  See Grayson v.

Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002).

     In sum, we will affirm the judgment of the District Court.

---

v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir. 1991); Federal Kemper Ins. Co.
v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986).