See also 2 Cir., 406 F.2d 291.

Leon GREEN, on behalf of himself and all others similarly situated, Plaintiff,

v.

WOLF CORPORATION, Joseph Wolf, Joseph Eckhaus, Leon Spilky, David Berdon & Co., and Troster, Singer & Co., Defendants.

No. 66 Civ. 3588.

United States District Court, S. D. New York.

July 10, 1970.

12. Esplin v. Hirschi, *supra* note 2; Contract Buyers League v. F & F Investment, *supra* note 2.

Malchman & Klied, New York City, for plaintiff.

Mermelstein, Burns & Lesser, New York City, for Wolf Corp., Joseph Wolf, Joseph Eckhaus and Leon Spilky; Milton E. Mermelstein and Malcolm H. Bell, New York City, of counsel.

Strook & Strook & Lavan, New York City, for David Berdon & Co., Gerald D. Fischer, New York City, of counsel.

Satterlee, Warfield & Stephens, New York City, for Troster, Singer & Co.

EDELSTEIN, District Judge.

## OPINION

This is a class action complaining of violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1964),[1] and of Rule 10b–5, 17

---

1. Section 10(b) provides as follows: It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

   (b) to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

CFR § 240.10b–5,[2] promulgated thereunder. The individual plaintiff was a stockholder of Wolf Corporation. The defendants are the Wolf Corporation itself, Joseph Wolf, Joseph Eckhaus, Leon Spilky, all of whom are directors, officers and controlling stockholders of the Corporation, David Berdon & Co., an accounting firm which rendered services to the Corporation, and Troster, Singer & Co., a firm that acted as underwriter for the Corporation. Plaintiff moves for leave to amend his complaint so as to assert claims against the Corporation and defendants Wolf, Eckhaus and Spilky. ["Defendants" will be used to refer only to these last-named parties.]

The original complaint alleges that early in 1961 Wolf Corporation filed a registration statement with the Securities and Exchange Commission in connection with the issuance of Class A common stock and subordinated debentures. This registration statement was approved by the SEC and became effective on June 2, 1961. Subsequently, in 1962, Wolf Corporation filed a second registration statement in connection with an additional issuance of Class A common stock and convertible subordinated debentures. This registration statement, amended in June 1962 so as to cover the issuance of a different combination of Class A common stock and convertible subordinated debentures, never became effective. Instead it was made the subject of a stop order proceeding by the SEC the result of which was a withdrawal of this registration statement by the Corporation pursuant to the terms and conditions of an order entered by the SEC on May 4, 1966. Each of the Corporation's registration statements, including the amended version of the second, included a prospectus. The gravamen of the charge made in the original complaint is that all three prospectuses contained material misrepresentations and omissions in violation of Rule 10b–5(b) in that the Corporation failed to state that the cash distributions being paid by it on its Class A common stock were in excess of the cash actually available for distribution to stockholders.[3] This resulted, it is alleged, in an artificial and false inflation of the price of Wolf Corporation securities.

In addition to reasserting, with but minor revisions, the allegations made in the original complaint, plaintiff's proposed amended complaint adds two additional claims. The essence of the proposed second claim is that, in fact, during the period from at least July 1961, through June 1962, Wolf paid to its Class A common stockholders cash distributions in excess of the cash actually available for distribution, thereby artificially and falsely inflating the price of its securities. It is alleged that these distributions of cash constituted an act, practice or course of business which operated as a fraud in violation of section 10(b) and of Rule 10b–5(c). The proposed third claim alleges that plaintiff and the other members of the class did not know that the cash distributions were in excess of the cash actually available for distribution, and that, if they

---

2. Rule 10b–5 provides as follows:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

3. The complaint also contains an enumeration of the specific overstatements of the amount of cash available for distribution.

had known, they would not have purchased Wolf Corporation securities.

■ While a motion for leave to amend a complaint is addressed to the discretion of the court, leave to amend, in the language of Rule 15(a), F.R.Civ. P., should " * * * be freely given when justice so requires." Indeed, only when there is some good reason therefor should a court refuse to permit an amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The parties are at odds over whether permission to amend should be granted in this case.

■ Plaintiff's motion to amend his complaint comes late in the day. Almost four years have elapsed since this action was commenced, and while pre-trial preparation still is under way, this suit already has been the subject of a lengthy opinion by the Court of Appeals, 406 F.2d 291 (2d Cir.1968). Plaintiff offers little to exculpate himself. He does not assert a change of law or newly discovered facts or some other cognate excuse. Rather, he admits frankly that all of the information necessary for his proposed amended complaint was known to him from the start. The only explanation offered is that the securities laws are complex and that the theory which he attempts to plead now simply did not occur to him previously. These points are raised by defendants in opposition to plaintiff's motion. However, neither long delay nor the fact that a proposed amendment is motivated by an afterthought of counsel as to the best theory upon which to proceed, by themselves, suffice as reasons for denying leave to amend. Middle Atlantic Utilities Co. v. S. M. W. Development Corp., 392 F.2d 380, 384–385 (2d Cir.1968).

■ Delay as a predicate for a finding of bad faith is a sufficient reason to deny leave to amend. *See, e. g.*, Vine v. Beneficial Finance Co., 374 F.2d 627, 637 (2d Cir.) cert. denied 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967).

Although plaintiff's excuse for delaying so long before seeking leave to amend his complaint appears so frivolous as almost to suggest bad faith, the court hesitates nonetheless to conclude that plaintiff is guilty of bad faith since it is barely possible that even skilled counsel might overlook an apparent theory of law for approximately four years.

■ Defendants contend that they will be prejudiced if plaintiff's motion is granted. Substantial prejudice to an opposing party in the event of an amendment is a sufficient basis for a denial of leave to replead. Indeed, this is the usual area upon which courts focus when considering whether to permit an amendment. *E. g.*, Strauss v. Douglas Aircraft Co., 404 F.2d 1152 (2d Cir. 1968); Middle Atlantic Utilities Co. v. S. M. W. Development Corp., *supra*, 392 F.2d at 384. However, defendant's claim of prejudice in this case appears insubstantial.

Defendants aver that they have conducted this litigation thus far on the basis of the claims asserted in the original complaint. This may be assumed, but defendants do not go beyond this statement to demonstrate what real prejudice arises from this state of facts. For example, no showing is made of what delay aside from the time required to file an answer will ensue if the proposed amendment is allowed. Nor do defendants attempt to demonstrate that evidence relevant to plaintiff's new claims now is no longer available. In short, defendants' mere statement of the obvious advances their claim of prejudice not at all.

■ Also, in support of their claim of prejudice, defendants point out that the statute of limitations bars an independent action based on the claims which plaintiff seeks to add to his complaint in this suit. Defendants protest that they will be deprived of this defense if plaintiff's motion is granted and if the amendment is held to relate back to the date of the original com-

plaint. "But prejudice must consist of more in this context; otherwise the doctrine of relation back would never apply." Kimbro v. United States Rubber Company, 22 F.R.D. 309, 311 (D.Conn. 1958). The real issue is whether or not the proposed amendment can relate back, for if it cannot then it would be an idle gesture for the court to permit the amendment. Middle Atlantic Utilities Co. v. S. M. W. Development Corp., 392 F.2d 380, 385 (2d Cir.1968).

Rule 15(c), F.R.Civ.P., provides that "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." It will be recalled that the original complaint here, in essence, asserts a violation of Rule 10b–5(b) on the ground that the prospectuses in issue were misleading inasmuch as they failed to state that cash distributions to stockholders were in excess of the cash available for such distributions. The substantive effect of the proposed amendments is to assert a violation of Rule 10b–5(c) on the ground that the defendants engaged in a deceptive practice or course of business by making cash distributions in excess of the amounts available therefor. Defendants take the position that these are separate and distinct causes of action and that the doctrine of relation back, therefore, is inapplicable. The court disagrees.

It is well-established that amendments which assert totally new, unrelated claims cannot relate back to the date of a former pleading. However, whether two or more claims are related or unrelated for purposes of Rule 15(c) should not be determined by technical conceptions as to the identity of particular causes of action. Rather, in applying Rule 15(c) analysis should be focused upon the general wrong and conduct complained of in the original pleading and to what extent the claim sought to be added by way of amendment departs therefrom. Green v. Walsh, 21 F. R.D. 15 (E.D.Wis.1957). Relation back cannot be understood in a vacuum but must be considered together with the purposes underlying the statute of limitations. As Professor Moore aptly puts it:

Statutes of limitations are designed to ensure that parties are given formal and seasonable notice that a claim is being asserted against them. Rule 15(c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the * * * statute of limitations was designed to afford him. [footnotes omitted] 3 Moore, Federal Practice ¶15.15[2], pp. 1021–22 (1968 ed.) *Accord*, Snoqualmie Tribe of Indians ex rel. Skykomish Tribe of Indians v. United States, 178 Ct.Cl. 570, 372 F.2d 951, 960–961 (1967).

Thus, in Green v. Walsh, *supra*, plaintiffs commenced suit in a federal court on a judgment by confession obtained in a state court. While the suit was pending in the federal court, the defendants obtained, in the state court, a vacation of the judgment by confession on the ground of lack of jurisdiction. Then the plaintiffs moved in the federal court for leave to amend their complaint so as to sue on the debts underlying the judgment by confession. The statute of limitations had run on at least part of this new claim. The application for leave to amend was granted since it was found that no prejudice would result from the allowance of the amendment. And reasoning that the defendants at all times had been aware that the basic transac-

tions in issue involved the underlying debts, the court also held that the amendment could relate back.

Regarding the case at hand, it is clear that this action, from the start, concerned the cash distributions which Wolf Corporation was making to its stockholders. Indeed, plaintiff's original claim that the prospectuses were misleading because of their failure to state that cash distributions exceeded cash available for distribution must fail unless such distributions can be proved. The allegedly misleading prospectuses and the alleged distributions were part of the same general conduct of which plaintiff complains. And even though the alleged fraudulent scheme falls within the purview of separate subdivisions of Rule 10b–5, that does not militate against a finding that the proposed amended complaint can relate back to the original complaint.

Plaintiff's motion for leave to amend its complaint in the form proposed is granted.

So ordered.