David KAMERMAN, Plaintiff,

v.

PAKCO COMPANIES, INC. and Lewis Colasurdo, Defendants.

No. 76 Civ. 3912.

United States District Court,
S. D. New York.

May 5, 1977.

Avrom S. Fischer, Brooklyn, for plaintiff.

Landis, Tucker & Gellman, P. C., New York City, for defendant Pakco Companies, Inc.

**674**

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This presently pending motion to dismiss for lack of *in personam* jurisdiction, made by defendant Pakco Companies, Inc. ("Pakco"), presents procedural issues under Rule 15, F.R.Civ.P.

Plaintiff brought this derivative suit on behalf of Pakco seeking damages for breach of fiduciary duty by defendant Lewis Colasurdo, Pakco's former president, director, and later consultant. Subject matter jurisdiction was based on diversity of citizenship, and service of the summons and complaint was purportedly effected upon Pakco by personal service upon its president at its office in New Jersey, the state of Pakco's incorporation. Instead of answering, Pakco moved to dismiss the complaint as to it for lack of *in personam* jurisdiction, contending that Pakco neither does business in New York, nor transacts business here within the meaning of the New York Long Arm Statute, N.Y.C.P.L.R. § 302, so that service outside the state was insufficient in the absence of a proper jurisdictional basis. The complaint, it is to be noted, was silent in this regard.

Prior to the return date of Pakco's motion, plaintiff filed an amended complaint with this Court and served a copy of the same on Pakco's New York counsel, retained for the purpose of contesting jurisdiction. The amended complaint changed the character of the action to one brought under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, and included a pendant state claim for breach of fiduciary duty by Colasurdo. Plaintiff asserts that this amendment moots Pakco's motion to dismiss since the amended complaint alleges that the transactions underlying the Securities Act violations and related breach of duty occurred in New York. These alleged transactions include the mailing of false and misleading proxy statements into the Southern District of New York to solicit the election of certain individuals, controlled by Colasurdo while a director, as directors of Pakco and the mailing of prospectuses to Pakco stockholders in the Southern District to induce them to sell their shares to Pakco, enabling the company to engage in a transaction for Colasurdo's individual benefit while a director.

Pakco disputes that its motion to dismiss is mooted by the amendment; it maintains that the filing of the amended complaint was tantamount to commencing a new action, for which a new summons should have been issued and served on Pakco as if a new action had been brought. Although plaintiff's manner of proceeding is somewhat convoluted, a consideration of plaintiff's reasons for doing so, and lack of substantial prejudice to Pakco, leads me to deny Pakco's motion.

Preliminarily, I note that Rule 15(a) provides that once a responsive pleading is served, a party may amend the pleading to which the response relates only by leave of the court. Plaintiff filed its amended complaint without requesting leave to do so since Pakco had not yet filed an answer. If implicit in Pakco's position is the contention that, because the corporation chose to move to contest jurisdiction rather than answer, plaintiff should have requested permission to amend. Pakco is mistaken. A motion to dismiss a complaint under Rule 12, F.R.Civ.P., is not a responsive pleading within the meaning of Rule 15(a). Rule 7(a), F.R.Civ.P. *See Miller v. American Export Lines, Inc.,* 313 F.2d 218 (2d Cir. 1963); *Christophides v. Porco,* 289 F.Supp. 403 (S.D.N.Y.1968); 3 Moore's Federal Practice ¶ 15.07[2] (2d ed. 1972). Consequently, plaintiff could properly amend as a matter of course.

Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, provides that "process . . . may be served in any . . . district of which the defendant is an inhabitant or wherever the defendant may be found." Pakco does not dispute that plaintiff may amend his complaint to expand the jurisdictional basis so as to permit extraterritorial service of process. The crux of its motion rather is that the service of process outside New York is invalid be-

cause the original complaint was based merely on diversity of citizenship, with a jurisdictional basis absent, and it was only after Pakco was served that the complaint was amended to include those claims of securities law violations which would authorize service in the manner made. The issue thus becomes whether the amended complaint "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading" so as to cause it to relate back to the date of the original complaint, and thus cure the initial jurisdictional defect. Rule 15(c), F.R.Civ.P. *Kane v. Central American Mining & Oil, Inc.,* 235 F.Supp. 559, 565–67 (S.D.N.Y. 1964).

The original complaint alleged a breach of fiduciary duty on the part of Colasurdo and Pakco's management resulting from the failure to seek collection of a debt which was purportedly due Pakco from a New Jersey holding company controlled by Colasurdo. This debt was acknowledged by statements contained in Pakco's 1974 Annual Report and its proxy statement issued for the June 25, 1974 annual meeting of stockholders. Plaintiff asserts that subsequent to the filing of his complaint, while investigating the transaction complained of, he learned of Colasurdo's criminal conviction, affirmed on appeal, which was based in part on the filing of false reports with the Securities and Exchange Commission. This discovery led to an examination of records in connection with that proceeding which purportedly unearthed a history of self-dealing on Colasurdo's part and distributing and filing of false proxy material. It was as a result of this information that plaintiff filed its amended complaint which expands on the original claim, and adds claims of violation of the Securities laws, as a result of statements contained not only in the 1974 Annual Report and proxy statement detailed in the original complaint, but also in the Annual Reports and proxy statements of prior and subsequent years.

The "same transaction or occurrence" test of Rule 15(c), allowing relation back, is not a mechanical or restrictive one.

If the general wrong and conduct complained of in the original pleading is of the same general nature of the amended claims, so that the defendant is on notice and not the focus of prejudice, the claims will be deemed related for the purposes of the rule. *Green v. Wolf Corp.,* 50 F.R.D. 220 (S.D.N.Y.1970). Here the transaction originally set forth to support a charge of breach of fiduciary duty also supported a Securities Exchange Act claim; the alleged self-dealing in 1974 was of the same nature as that asserted in prior and subsequent years and the factual basis for the same gave rise to the securities law violations alleged in those years. Pakco was thus generally on notice of the subsequent claims and has asserted no prejudice as a result of allowing them. A liberal reading, therefore, leads me to conclude that the "same transaction or occurrence" test has been met.

Since the federal and state claims of the amended complaint arose out of the same basic facts upon which the original diversity charge rests, they relate back to the service of the original complaint. This being the case, the extraterritorial service was as valid as it would have been had the original complaint contained the federal claims when served. Since Pakco essentially concedes the validity of extraterritorial service under Section 27 of the Securities Exchange Act of 1934, personal jurisdiction over the corporation has been effected; re-service at this juncture, since Pakco has appeared, is unnecessary. *Kane v. Central American Mining & Oil Co., supra.*

Pakco's motion to dismiss is denied. Its related motion for a protective order staying discovery pending this decision is denied as moot.

IT IS SO ORDERED.