In the Matter of REA HOLDING CORPORATION, The Express Company, Inc., REA Express, Inc., f/k/a Railway Express Agency, Inc., Rexco Supply Corporation, Bankrupts.

C. Orvis SOWERWINE, Trustee, Plaintiff,

v.

AIR CANADA et al., Defendants.

Bankruptcy Nos. 75 B 251 to 75 B 254.

United States Bankruptcy Court, S. D. New York.

Dec. 12, 1980.

can Airlines, Aspen Airways, Braniff Airways, Air France, Continental Airlines, Delta Airlines, Eastern Airlines, The Flying Tiger Line, Frontier Airlines, Hughes Airwest, National Airlines, New York Airways, North Central Airlines, Northwest Airlines, Ozark Airlines, Pan American Airways, Piedmont Aviation, Seaboard World Airlines, SFO Airlines, Southern Airways, Texas International Airlines, Trans-World Airlines, United Airlines and Western Airlines (Airline Defendants). On July 2, 1980 an amended compliant was filed and served.

The instant motions by the Airline Defendants require this Court to determine whether the amended complaint, served more than 2½ years after the commencement of the action, must be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure (FRCP) for failure of the Trustee to prosecute the claims or under FRCP 15(c) for failure of the amended claims to relate back to the initial complaint.

An additional motion by American Airlines, Trans-World Airlines, Northwest Airlines, Eastern Airlines, U.S. Air and Delta Airlines (Committee Defendants) asks this Court to dismiss a new claim contained in the amended complaint which alleges that the Committee Defendants breached their fiduciary duty while serving on REA's official creditors' committee. The Committee Defendants contend that this claim fails to state a claim upon which relief may be granted, is time barred and is not within the jurisdiction of this Court.

Both Air France and Air Alaska have also moved individually for dismissal of any claim against them due to a lack of in personam jurisdiction.

Based on my knowledge of the record in this case, hearings held on September 10, 1980 and October 8, 1980, and a review of the relevant law, the motions of all defendants except Air Alaska must be denied.

This Court need not detail the history of the relationship between REA and the Airline Defendants which underlies this controversy. See *REA Express, Inc. v. Civil Aeronautics Board*, 524 F.2d 54 (2d Cir.1975), *cert. denied*, 426 U.S. 906, 96 S.Ct. 2227, 48

Haight, Gardner, Poor & Havens, New York City, for defendant, Compagnie Nationale Air France.

Patterson, Belknap, Webb & Tyler, New York City, for trustee.

Chadbourne, Parke, Whiteside & Wolff, New York City, for Air Canada et al.

## MEMORANDUM AND ORDER

JOHN J. GALGAY, Bankruptcy Judge.

On November 4, 1977 C. Orvis Sowerwine, as Trustee for REA Express, Inc. (REA) initiated an adversary proceeding against Air Canada, Airlift International, Alaska Airlines, Allegheny Airlines, Ameri-

L.Ed.2d 831 (1976). However, a summary of the proceedings before this Court since REA filed its petition for an arrangement under Section 322 of the Bankruptcy Act on February 18, 1975 is essential to an understanding of the present decision.

During the nine months of REA's Chapter XI proceeding, the Committee Defendants held six of the eleven positions on the official creditors' committee. Each of the defendants other than Pan American World Airways continued to deal with REA pursuant to court orders, and each, except Alaska Airlines, has filed a claim in this proceeding. Additionally, each of the Committee Defendants has requested a priority allowance for services furnished during the Chapter XI.

At the end of that gestational period, REA failed to be reborn as a viable operation and was adjudicated a bankrupt on November 6, 1975. C. Orvis Sowerwine qualified as Trustee on November 7, 1975.

The administration of the ensuing bankruptcy proceeding has been entangled with claims and counterclaims of conflicts of interests and unsuitability to serve between the Trustee and special counsel, Wisehart, Friou and Koch. The prosecution of this adversary proceeding has itself been under both direct and indirect attack. *See* record and decisions in *In re REA Holding Corp.*, 4 Bankr.Ct.Dec. 1249 (S.D.N.Y.1979), *vacated and remanded* 2 B.R. 733 (Bkrtcy.S.D.N.Y. 1980), *decision after remand*, Bankr.Ct.S.D. N.Y. May 8, 1980, *appeal pending*, S.D.N.Y., 80 Civ. 4642 (Duffy, D.J.) (the "Removal Case"); decision of this Court dated August 18, 1980, *appeal pending*, S.D.N.Y., 80 Civ. 4881 (Duffy, D.J.).

The initial complaint of November 4, 1977 was filed just prior to the expiration of the statute of limitations imposed by Section 11(e) of the Bankruptcy Act over the reservations of the Trustee as to certain allegations contained therein. The initial complaint was prepared by the Wisehart firm which even at that time, disputed the Trustee's ability to serve in this case and prosecute this adversary proceeding.

The Wisehart firm has at all times argued that Mr. Sowerwine should be removed as Trustee because he and his counsel, Whitman and Ransom, had prior dealings with the airlines which are now creditors of REA. In light of these facts, the Wisehart firm contends that the Trustee should be precluded from prosecuting this adversary proceeding and from seeking counsel other then the Wisehart firm to prosecute this litigation. On the authority of *In re Freeport Italian Bakery, Inc.*, 340 F.2d 50 (2d Cir.1965), the Wisehart firm has also asserted that any judgment in this case would be subject to vacation if the Trustee continued as plaintiff.

The Trustee, for his part, has attempted to discharge the Wisehart firm ever since the preparation of the initial compliant. Over his objection, they remained counsel of record in this litigation until April 25, 1980.

The initial complaint sought disallowance of the Airline Defendants' proofs of claim as well as affirmative recovery upon theories of (1) an unfair division of revenue between REA and the airlines under the Air Express Agreement and its amendments, (2) a partnership between REA and the Airline Defendants in the air express business, and (3) voidable preferences under Section 60 of the Bankruptcy Act.

In the interests of aiding the Trustee in determining the best use of the funds of the estate, on December 30, 1977 this Court authorized the retention of Harold R. Tyler, Jr., and the firm of Patterson, Belknap, Webb and Tyler (Patterson, Belknap) to independently evaluate the Trustee's probability of success in prosecuting the causes of action as outlined in the initial compliant. The report, dated March 9, 1978, recommended prosecution of the causes of action based on the preference theory only, seeking recovery of $2.4 million paid between October 18, 1974 and February 18, 1975 pursuant to the Air Express Agreement and its amendments, and approximately $1 million in alleged over payments paid during the same period.

On March 1, 1978 this Court entered an order upon exparte motion of the Trustee

which extended the time of the Airline Defendants to answer or move in response to the complaint until either 30 days after service of an amended complaint or 30 days after notification that the complaint would not be revised. Although the Airline Defendants claim that they learned about the order only after its entry, only Air France answered the initial compliant.

Based upon the decision of the Court of Appeals in *Bohack Corp. v. Gulf & Western Industries, Inc.*, 607 F.2d 258, 265 (2d Cir. 1979) supporting the use of independent special counsel within a bankruptcy proceeding where conflict of interest has been charged, and the decision of the District Court in the Removal Case, on April 25, 1980 this Court authorized the retention of Patterson, Belknap upon the February 1980 application of the Trustee. Patterson, Belknap prepared the amended complaint served July 2, 1980 which is the subject of the instant motions.

For this Court to grant dismissal under FRCP 41(b), applicable to this proceeding through Bankruptcy Rule 741, the defendants must show that the plaintiff has failed to prosecute. The severity of such action has recently been underscored by the Court of Appeals of the Second Circuit in a very recent opinion when the court concluded that "[t]he remedy is pungent, rarely used and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanction." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir.1980). In that case the court of appeals affirmed the dismissal finding that the plaintiff, an attorney, had disobeyed a direct court order, had completely failed to prosecute his case for over one year and had no valid excuse for his actions.

While the delay in the instant case has been longer, from service of the first complaint on November 4, 1977 to service of the amended complaint on July 2, 1980, time is only one factor to be considered. In discussing a two year delay in service on two defendants to an action the court concluded,

> While extremely long delays have such a high probability of prejudice that courts

do not inquire into any mitigating factors, delay of approximately two years is not so inherently prejudicial that it requires dismissal without consideration of other factors. *Preston v. Mendlinger*, 83 F.R.D. 198, 200 (S.D.N.Y.1979).

In *Schenck v. Bear, Stearns & Co., Inc.*, 583 F.2d 58 (2d Cir.1978), the Court of Appeals overruled the District Court's sua sponte dismissal of a thirteen month old case where there had been eleven months of total inaction. The Court noted that the remedy was too severe given the fact that there had been no prior prodding of the plaintiff by either the court or the defendants. As previously mentioned, only Air France answered the original complaint, and the present motion to dismiss was made solely in response to the service of the amended complaint.

Dismissal under FRCP 41(b) is discretionary. *Finley v. Parvin/Dohrmann Company*, 520 F.2d 386 (2d Cir.1975). The defendants in this case have not demonstrated that there has been any actual prejudice to them solely by the passing of time. Even had defendants so shown, dismissal would not be dictated. "The operative condition of the Rule is lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced by denial of its motion". *Messenger v. U.S.*, 231 F.2d 328, 331 (2d Cir.1956). This Court has presided over REA's bankruptcy proceedings since its inception, and is intimately acquainted with all of the controversies which have arisen since the filing of the initial complaint. The Trustee has adequate and substantial explanation, supported by proceedings before this Court, for the delay in the prosecution of this litigation. As "a court must not let its zeal for a tidy calendar overcome its duty to do justice", *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir.1968), REA will not be denied its right to a trial on the merits for failure to prosecute.

The second motion to dismiss asks the Court to determine whether the amended claims relate back to the date of the initial complaint under FRCP 15(c). If they do

not relate back, then the claims would be barred by the statute of limitations.

For a claim in an amended pleading to relate back to the original pleading, the claim must arise "out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading". The test of relation back is the adequacy of notice given to the defendant by the original complaint of the general wrong and conduct complained of. *Rosenberg v. Martin*, 478 F.2d 520 (2d Cir.1973); *Kamerman v. Pakco Companies, Inc.*, 75 F.R.D. 673 (S.D.N.Y.1977); *Green v. Wolf Corporation*, 50 F.R.D. 220 (S.D.N.Y.1970). The Court in *Zagurski v. American Tobacco Company*, 44 F.R.D. 440 (D.C.Conn.1967) 286 clearly delineated the focus of inquiry under FRCP 15(c).

> . . .[T]he question is whether the defendant ought to have known from the original complaint the facts which the plaintiff is now adding. Whether to permit an amendment is not decided by mechanically measuring it against a statute of limitations. Once a complaint has been served, the policy behind the statute of limitations has been satisfied so long as the different theories introduced by the amendment fuse together within the "conduct, transaction or occurrence" set forth in the complaint. The result is a complete test of the plaintiff's right to recover for a single injury resulting from defendant's conduct".

This Court has made a careful comparison between the original and amended complaints, and finds that the defendants were given more than sufficient notice of both the underlying facts and the general wrong complained of. The original complaint is the first cause of action alleged that there had been an "unfair division" of revenues between REA and the Airline Defendants during the existence of the "Air Express Agreement", which expired by its terms on June 30, 1969, *and* thereafter until February 18, 1975 with a resulting detriment to REA. The second cause of action alleged that this same unfair division of payment was fraudulent as to other credi-

tors. The fourth cause of action alleged that payment of $2,371,000 made by REA to the Air Transport Association as agent for the defendants between October 18, 1974 and February 18, 1975 was preferential as payment on an antecedent debt while REA was insolvent. The fifth cause of action alleged that REA overpaid $1,047,853.94 to the defendants for previously rendered services during October 18, 1974 to February 18, 1975. The original complaint, in essence, attacked all financial dealings between REA and the Airline Defendants between June 1969 and February 1975.

The first claim of the amended complaint alleges that payments in excess of $8 million were made between January 28, 1974 and February 18, 1975 to these defendants on account of antecedent debt or in over payment for services rendered in violation of Section 70(e) of the Bankruptcy Act, and the Uniform Fraudulent Conveyance Act as adopted in New York, Pennsylvania and Tennessee. The second claim of the amended complaint attacks under Section 67(d) of the Bankruptcy Act, the portion of the payments referred to above which was made within one year of REA's petition. The third claim of the amended complaint seeks recovery of $3.4 million paid between October 18, 1974 and February 18, 1975 as preferential transfers under Section 60 of the Bankruptcy Act.

Admittedly, the fourth and fifth claims of the amended complaint are unrelated to any conduct challenged in the initial complaint. These claims will be dealt with in a separate section of this opinion.

The original complaint clearly gave defendants notice of the *general wrong* and *conduct* that is the subject of the present amendments-payments made by REA to the airlines between January 28, 1974 and February 18, 1975 in connection with REA's air express business. A change in theories does not nullify the notice imparted by the initial pleading. At oral argument defendants claimed that they have been harmed by the passage of time since in the interim records have been lost; therefore, the amendments should be time barred. Defendants should

have heeded the admonition of the court in *Barthel v. Stamm*, 145 F.2d 487, 491 (5th Cir.1944):

Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence in reference to it. When a suit is filed in federal court under the rules that defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement.

As this Court has found that claims one, two and three of the amended complaint do relate back to the date of the initial complaint, there is no need to discuss the applicable statute of limitations.

The Committee Defendants have asked the Court to dismiss the fourth claim in the amended complaint (1) as failing as to state a claim upon which relief may be granted (2) as beyond the jurisdiction of this Court and, (3) as barred by the statute of limitations. In substance, the fourth claim alleges that the Committee Defendants frustrated REA's reorganization by diverting actual and potential business of REA to themselves to the detriment of other creditors and the estate.

In the context of a motion to dismiss under FRCP 12(b), this Court need only determine the legal sufficiency of the complaint. As the Supreme Court has stated:

In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Accord, *Lowenschuss v. Kane*, 520 F.2d 255 (2d Cir.1975); *CBS v. Springboard International Records*, 429 F.Supp. 563 (S.D.N.Y. 1976). For specific application to an adversary proceeding in bankruptcy, see *In re Perrin*, 2 B.R. 316 (Bkrtcy.S.D.N.Y.1980).

There is a broad sense of equity and fiduciary duty pervading the entire bankruptcy administration. *In re Beck Industries*, 605 F.2d 624 (2d Cir.1979). Those who serve on a creditors' committee owe a fiduciary duty to all creditors which they fulfill by advising creditors of their rights and of the proper course of action in the bankruptcy proceeding. *Bohack Corp. v. Gulf & Western Industries, Inc.*, 607 F.2d 258, 262 n.4 (2d Cir.1979). See also Levy, "Creditors' Committees and their Responsibilities", 74 Comm.L.J. 355 (1969); Walsh, "The Creation, Rights, Duties and Compensation of Creditors' Committees under Chapter X and XI of the Bankruptcy Act", 40 Brook L.Rev. 34 (1973). Although this Court necessarily expresses no view as to the ultimate judicial determination of this claim, a motion to dismiss under FRCP 12(b) must be denied when the plaintiff *may* be *able* to prove facts which would entitle him to relief.

The Committee Defendants argue that even if they are in possession of money which REA now claims should be returned to its estate, this Court lacks jurisdiction over any suit seeking turnover of those funds. This argument overlooks the fact that the plaintiff claims that these defendants breached a fiduciary duty while serving under the auspices of this Court. "[I]n such cases the Court undoubtedly has summary jurisdiction to protect itself and interests of the persons and property within its custody". *Governor Clinton Co. v. Knott*, 120 F.2d 149, 152 (2d Cir.1941). Additionally, these same committee members have submitted proofs of claim in this bankruptcy proceeding for services rendered during the same Chapter XI period when they served as committee members. There is a sufficient logical relationship between these claims for compensation and the services rendered as committee members, with knowledge of the course of the reorganization, for this Court to find an additional basis for jurisdiction. See *In re Penn Central Transportation Co.*, 419 F.Supp. 1376 (E.D.Pa.1976).

██ Finally, it is claimed that even if there were an actionable breach of duty, such action is barred by the two year statute of limitations imposed by Section 11(e) of the Bankruptcy Act, or by the three year statute of limitations of Section 214(4) of the New York Civil Practice Law and Rules (CPLR) which governs actions to recover damages for injury to property, i. e. the debtor's estate. The fourth claim of the amended complaint seeks actual and punitive damages.

This Court finds that the claim is not time barred as neither statute is applicable. Section 11(e) applies only to claims which accrue before or upon the filing of a Chapter XI petition. *Burnham v. Todd*, 139 F.2d 338 (5th Cir.1943). See also 1A *Collier on Bankruptcy* ¶ 11.13 (14th ed.1979). The fourth claim is limited in time to the period *after* REA's filing and the cause of action could not accrue until after that time.

Although the relief sought by the amended complaint is damages, not an equitable remedy, that prayer for relief is not binding on this Court. FRCP 54(c), made applicable to this proceeding by Bankruptcy Rule 754, allows the Court to grant "the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings". The claim of a breach of fiduciary duty is an equitable action and the court in *Renz v. Beeman*, 589 F.2d 735 (2d Cir.1978) mandated the appropriate statute. "When there is a breach of fiduciary duty without fraudulent intent, the action in equity is governed by CPLR §§ 203(1) and 218(b), and the limitations period expires at the end of six years *from the last act of breach*". *Id.* at 749. As the "last act of breach" may have occurred as late November 5, 1975, one day prior to REA's adjudication, the action is not time barred. If REA can prove a claim for breach of fiduciary duty, this Court will invoke the appropriate equitable relief.

██ Additionally, this Court finds the 5th and 6th causes of action are timely. The fifth claim of the amended complaint seeks recovery of contractual overpayments made during REA's Chapter XI proceeding.

The six year statute of limitations for contract actions contained in CPLR § 213 applies, and thus the fifth claim was not time barred when the amended complaint was served and filed on July 2, 1980. *GP Putnam's Sons v. Owens*, 51 App.Div.2d 527, 378 N.Y.S.2d 637 (1st Dept.1976).

██ The sixth claim of the amended complaint objects to the allowance of creditors' proofs of claim. Such action may be made at any time, and is therefore not barred by any statute of limitation. *In re Cushman Bakery*, 526 F.2d 23, 35–37 (1st Cir.1975).

██ Finally, Air France and Alaska Airlines have moved for dismissal for lack of in personam jurisdiction in this Court. As to Air France the motion must be denied. Air France filed a proof of claim in these proceedings, and under *Katchen v. Landy*, 382 U.S. 323, 335, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966), this constitutes submission to the jurisdiction of this Court. As to Alaska Airlines the motion to dismiss must be granted. Although Alaska Airlines continued to deal with REA during the Chapter XI period, such dealings were solely pursuant to Court orders. More importantly, Air Alaska has filed no proof of claim in this proceeding. The Court in *In re Jack Kardow Plumbing Company*, 451 F.2d 123 (5th Cir.1971) aptly stated:

> It follows that if a creditor claims no share of the estate he may not properly be reached by objection under § 57, sub. g even though he holds preferences voidable under § 60 sub. b . . . Were it otherwise § 57, sub. g would be diverted from its intended goal, of achieving equality of distribution among general creditors claiming from the general assets, towards functioning as a tool to undo preferences of creditors who have opted to take no dividends from the estate.

Therefore this Court

(1) denies the motion to dismiss the amended complaint for failure to prosecute under FRCP 41(b).

(2) denies the motion to dismiss claims as barred under the applicable statutes of limitation.

(3) denies the motion of the Committee Defendants to dismiss the fourth claim as failing to state a cause of action under FRCP 12(b) or as exceeding the jurisdiction of this Court.

(4) denies the motion of Air France to dismiss for lack of in personam jurisdiction.

(5) grants the motion of Air Alaska to dismiss for lack of in personam jurisdiction.

It is so ordered.