**In re Howard J. KOPPEL, Debtor.**

**Paula KOPPEL, Plaintiff,**

**v.**

**Howard J. KOPPEL, Defendant.**

**Bankruptcy No. 892–84342–20.
Adv. No. 892–8019–20.**

United States Bankruptcy Court,
E.D. New York,
Westbury Division.

April 6, 1994.

Nancy Bernheim, Stuart E. Davis, P.C., Massapequa, NY, for plaintiff.

Michael H. Cohn, William Roth, Cohn & Roth, Mineola, NY, for debtor/defendant.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

### RELEVANT FACTS AND LEGAL DISCUSSION

Before the Court[1] is a motion by Plaintiff for an order authorizing amendment of her Adversary Proceeding complaint to add an additional claim for relief. Plaintiff seeks to have the added claim relate back to the original pleading so that it is not time-barred. *See* Fed.R.Civ.P. 15(c) (1994) (made applicable by Federal Rule of Bankruptcy Procedure 7015 (1994) (discussed below)).

Plaintiff commenced the Adversary Proceeding by the filing of a complaint with the Court on January 21, 1992. Pursuant to her Adversary Proceeding, Plaintiff seeks a judgment determining that certain debts owed by Debtor, her former husband, are non-dischargeable as being in the nature of alimony, support or maintenance, or for having been incurred through fraud. *See* 11 U.S.C. § 523(a)(2), (5) (1994). The last date to file complaints requesting a determination of the dischargeability of debts was January 24, 1992.

Approximately five months after filing her complaint, Plaintiff filed the instant motion, pursuant to which she seeks leave of the Court to amend her complaint to add a new claim for relief. By the added claim Plaintiff seeks judgment determining that another debt owed her by Debtor is non-dischargeable. This debt stems from Debtor's use of a credit card upon which both Plaintiff and Debtor were liable. Debtor has not disputed Plaintiff's allegation that the debts incurred through the use of the credit card derive exclusively from his own use. Plaintiff alleges that the debt is non-dischargeable because it arises from a clause in the parties' separation agreement which provides that Debtor will pay all of Plaintiff's debts (typically referred to as a "hold harmless" clause).

Debtor opposes the relief requested on three grounds. Debtor first contends that the claim should not be added since the debt itself is fully dischargeable in any event because it was not incurred through fraud, nor is it a debt in the nature of alimony, support or maintenance. This argument addresses the underlying merits of whether the claim sought to be added will be determined to be dischargeable, but does not address the instant issue, which is whether Plaintiff should be given leave to amend her complaint to add the claim (and more importantly, as discussed below, whether the claim can relate back to the original pleading). For that reason this objection fails.

■ Debtor secondly argues that Plaintiff has no standing to add the claim because (a) her liability is only contingent upon Debtor's failure to satisfy the credit card debt, and (b) she was not listed in Debtor's petition as a creditor with this claim, so she may not seek to have it determined non-dischargeable. These contentions are not valid. Debtor's filing for bankruptcy relief and subsequent discharge is the quintessential form of failure to satisfy a debt. Plaintiff has even been served with a complaint by the issuer of the credit card for the debt incurred through Debtor's use of it. Therefore, whatever contingency Debtor has alleged has arisen and Plaintiff is indeed liable.

■ As to Plaintiff's standing to file a complaint to determine the dischargeability of this debt, there exists no real question. It is not disputed that Debtor and Plaintiff are jointly liable for the debts incurred through use of the credit card. Debtor acknowledges that only he is actually responsible for all debts incurred through use of the card. Debtor was granted a discharge, by order dated March 12, 1992, of all dischargeable debts including the debt incurred by his use of the credit card. Plaintiff now has a claim against Debtor for indemnification. Plain-

---

1. The Court has jurisdiction over this case pursuant to sections 157(a), 157(b)(1) and 1334 of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the United States District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(I) of title 28.

tiff's claim, though contingent until the earlier of Debtor's discharge or failure to pay the credit card debt, arose before Debtor's petition for bankruptcy relief pursuant to the credit card agreement. Plaintiff is accordingly a creditor as defined in the Bankruptcy Code. 11 U.S.C. § 101(10)(A) (1994). "[A]ny creditor may file a complaint to obtain a determination of the dischargeability of any debt." Fed.R.Bankr.P. 4007(a) (1994). For these reasons, Plaintiff has standing to seek amendment of her Adversary Proceeding to include a claim for relief regarding the credit card debt.

■ Debtor finally argues that a dischargeability complaint may not be amended, after the deadline for the filing of such complaint, to add a claim for relief which requests determination that a certain debt is non-dischargeable where the creditor knew of such debt, knew of the debtor's bankruptcy filing and where such debt could have been included in the original complaint. This argument focuses upon Plaintiff's inability to have her new claim for relief be deemed timely because it does not relate back to the date of her complaint. We thus look to whether the amended claim relates back.

Rule 15(c) of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure, governs relation back of amended pleadings; it provides:

> An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

Fed.R.Civ.P. 15(c)(2) (1994) (made applicable by Fed.R.Bankr.P. 7015 (1994)).

We examine whether the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in Plaintiff's original pleading (that is, the complaint).

In her complaint, Plaintiff alleges that two debts owed by Debtor are non-dischargeable pursuant to their separation agreement: One debt allegedly constitutes non-dischargeable maintenance and support; another is a debt concerning a boat loan. Plaintiff seeks to amend her complaint to add a request for a determination of the dischargeability of Debtor's obligation to Plaintiff for his use of a certain credit card(s). This added claim is based upon the same set of circumstances, conduct and theory which grounds Plaintiff's original pleading: The obligation is non-dischargeable since it derives from the parties' separation agreement.

■ A court should grant a motion to amend a pleading, and allow the pleading to relate back to the date of the original pleading, where the amended pleading relates to the transaction, nature of events or occurrence detailed in the original pleading. *Pendrell v. Chatham College*, 386 F.Supp. 341, 345–46 (W.D.Pa.1974); *Kamerman v. Pakco Co.*, 75 F.R.D. 673, 675 (S.D.N.Y.1977). Under such circumstance, the respondent to the motion has fair notice of the general facts and legal theory upon which the pleader will proceed. *Pendrell*, 386 F.Supp. at 345; *Pakco*, 75 F.R.D. at 675. "The test of relation back is the adequacy of notice given to the defendant by the original complaint of the general wrong and conduct complained of." *Citizens Fidelity Bk. Tr. Co. v. Wahl (In re Wahl)*, 28 B.R. 688, 690 (Bankr.W.D.Ky. 1983) (citing, *e.g.*, *Rosenberg v. Martin*, 478 F.2d 520 (2d Cir.), *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *In re REA Holding Corp.*, 8 B.R. 75 (Bankr. S.D.N.Y.1980)).

■ In the case at bar, Plaintiff's added claim is based upon the parties' separation agreement, and Debtor had notice of Plaintiff's request that certain debts pursuant to it be determined non-dischargeable. The theory of Plaintiff's amended claim is not different from the theory grounding Plaintiff's original pleading. *Cf. Wahl*, 128 B.R. at 689–91 (amendment of complaint seeking determination that debts are non-dischargeable as having been incurred through fraud would not be permitted to allege that debts are non-dischargeable on different theory such as fraud while acting in fiduciary capacity or willful and malicious injury); *Oliner v. McBride's Indus., Inc. (In re Zsa Zsa, Ltd.)*, 106 F.R.D. 9, 12–14 (S.D.N.Y.1985) (amended

claim would not relate back because it alleged different theory of recovery). Debtor has been given notice of Plaintiff's claims prior to the final date to file a complaint, and thus the rationale of the relation back rule has been served. *Baldwin Cty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151 n. 3, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984); *Humphries v. Going,* 59 F.R.D. 583, 587–88 (E.D.N.C.1973) (notice to opposing party is critical element involved in determining whether amended pleading relates back). Where an amended pleading properly relates back to the original pleading, any statute of limitations that would ordinarily time-bar the amended pleading is defeated. *Rural Fire Protect. Co. v. Hepp,* 366 F.2d 355, 362 (9th Cir.1966); *Bloomfield Mech. Contr., Inc. v. Occupational Safety and Health Rev. Comm.,* 519 F.2d 1257, 1262–63 (3d Cir.1975); *Zeeman v. U.S.,* 275 F.Supp. 235, 259 (S.D.N.Y.1967), *modified and rem'd on other grounds,* 395 F.2d 861 (1968).

The Court holds that adequate bases exist and the standards of Federal Rule of Civil Procedure 15(c)(2) have been met. Accordingly, the Court **GRANTS** Plaintiff's motion; Plaintiff is permitted to amend her complaint to add a claim in which she requests determination that Debtor's obligation to Plaintiff for a debt(s) arising out of his use of a certain credit card(s) is non-dischargeable as deriving from the parties' separation agreement and constituting payments in the nature of alimony, maintenance or support, 11 U.S.C. § 523(a)(5) (1994); Plaintiff's amended complaint shall be filed and served so as to be actually received on or before April 22, 1994; Debtor is **DIRECTED** to file and serve his responsive pleading such that same is filed and served so as to be actually received on or before May 13, 1994. The parties are **DIRECTED** to appear before the Court for a pre-trial status hearing at 9:30 a.m. on June 7, 1994.

**SO ORDERED.**