**In re Timothy W. SNEED, Debtor.**

**George Rodriguez, Plaintiff,**

**v.**

**Timothy W. Sneed, Defendant.**

**Bankruptcy No. 05–32033.**
**Adversary No. 05–3096.**

United States Bankruptcy Court,
W.D. Kentucky.

May 4, 2006.

Joseph S. Elder, II, Louisville, KY, for Timothy W. Sneed.

Eric G. Piontek, Lowen & Morris, PLLC, Louisville, KY, for George Rodriguez.

## MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

This matter is before the Court on the Motion to Dismiss of Defendant/Debtor Timothy Sneed ("Debtor") and the Objection to Motion to Dismiss of Plaintiff/Creditor George Rodriguez ("Rodriguez"). The Court reviewed the written submissions and arguments of counsel for the parties and for the following reasons **DENIES** the Debtor's Motion to Dismiss.

### FACTS

On March 29, 2005, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Also on March 29, 2005, the Court issued a Notice Scheduling the First Meeting of Creditors pursuant to 11 U.S.C. § 341 for May 13, 2005. The Notice also stated that objections for discharge were due by July 12, 2005.

On May 17, 2005, Debtor filed an Amended Schedule F listing Rodriguez as a creditor with an unsecured non-priority claim in the amount of $15,000.

On July 12, 2005, Rodriguez filed a Motion for Leave to File Objections, requesting additional time to file "objections to the Discharge" of the Debtor. Rodriguez's Motion stated that "Creditor George Rodriguez's debt is the result of intentional physical injury caused by Debtor." Attached to the Motion was an Affidavit of Rodriguez's counsel stating "... George Rodriguez will be able to prove that his debt should not be Discharged if given leave to file Objections to Discharge outside the Notice Period."

On July 14, 2005, the Court entered an Order giving Rodriguez "leave to file objections outside the Notice period to the Discharge of the above named debtor until the date of August 1, 2005."

On August 1, 2005, Rodriguez filed the Complaint instituting this adversary proceeding against Debtor seeking that the debt owed to him be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

On August 26, 2005, Debtor filed a Motion for More Definite Statement asserting that the Complaint sounded in both an objection to discharge and a nondischargeable petition.

On January 5, 2006, Rodriguez filed his Definite Statement asserting that he seeks a judgment of nondischargeability pursuant to 11 U.S.C. § 523(a)(6) based on damage allegedly caused by the Debtor's intentional assault on him.

On February 14, 2006, Debtor filed his Motion to Dismiss this adversary proceeding.

### LEGAL ANALYSIS

Debtor requests this Court to dismiss this adversary proceeding because it is a nondischargeable petition which is time barred. The Court finds that this action was timely filed.

It is clear that in the Complaint Rodriguez seeks to have the debt owed to him by Debtor declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Under Rule 4007, a petition to determine a debt nondischargeable under Section 523(a)(6) must be filed 60 days after the first date set for the meeting of creditors. In this

case, that date was July 12, 2005. Rule 4007 provides that the time may be extended for cause so long as it is filed before the time has expired. Here, Rodriguez filed a request to extend the July 12, 2005 deadline in order to object to discharge. The Motion and the Affidavit of Creditor's Counsel clearly indicated that the debt should not be discharged because Rodriguez could prove that it was the result of an intentional physical injury by the Debtor. The Court granted Rodriguez's Motion and gave him until August 1, 2005 to file an action.

On August 1, 2005, Rodriguez filed his Complaint instituting this adversary proceeding. The Complaint alleges that the Debtor intentionally assaulted Rodriguez and requests relief in the form of a nondischarge petition by requesting, "this debt be determined nondischargeable pursuant to 11 U.S.C. § 523(a)(6)."

Debtor, however, asked for a more definite statement contending the Complaint sounded in both an objection to discharge and a nondischargeable petition. Rodriguez responded that the action was a nondischargeable proceeding based on § 523(a)(6).

Debtor contends that the adversary proceeding must be dismissed because Rodriguez did not specifically request an extension of time to file a nondischargeable petition, but rather requested leave to file an objection to discharge, an action based on 11 U.S.C. § 727 rather than § 523(a)(6). The Court finds that Debtor's contentions place form over substance.

There can be no dispute that Rodriguez timely requested an extension to file an action to have the debt declared nondischargeable based on Debtor's intentional assault of Rodriguez. These facts were set forth in the Motion and the Affidavit attached to the motion requesting the extension of time. Furthermore, the same facts form the basis of the Complaint. Debtor can hardly claim prejudice by these allegations when these same allegations were clearly set forth in support of the request for additional time to file this action.

Rodriguez points out that his Request for Extension of Time used the same language as that used by the Court in its Notice setting the deadline for objections to discharge and the date for the Section 341 Meeting. Experienced bankruptcy practitioners know that the deadline set forth in the Section 341 Notice refers to the deadline for filing nondischargeability petitions. The deadline set forth in the Notice is keyed to the date set for the Section 341 Meeting as referenced in Rule 4007 of the Bankruptcy Rules of Procedure. It would be inequitable to have a creditor's timely filed nondischargeability action dismissed simply because it references an objection to discharge, rather than a request for a declaration of nondischargeability. In essence, a nondischargeability petition is a creditor's objection to having a specific debt discharged.

Rule 7008 of the Bankruptcy Rules of Procedure incorporates Fed.R.Civ.P. 8 which provides that "All pleadings shall be so construed as to do substantial justice." Debtor cannot claim that he was not on notice of the nature of the claim asserted. It would be a substantial injustice to dismiss Rodriguez's adversary proceeding based on the technicality alleged by Debtor.

The cases cited by Debtor in support of his Motion to Dismiss are distinguishable from the matter at bar. In *In re Magno*, 216 B.R. 34 (9th Cir. BAP 1997), *In re Firsdon*, 70 B.R. 719 (Bankr.N.D.Ohio 1987), *In re Koppel*, 165 B.R. 376 (Bankr. E.D.N.Y.1994) and *In re Rasmussen*, 299 B.R. 902 (W.D.Wis.2003), the issue before

those courts was whether an untimely § 523 claim or § 727 claim could relate back to a timely claim. Those cases turned on whether the new claim arose out of the same conduct, transaction or occurrence as set forth in the original pleading.

Here, Rodriguez is not trying to append a § 523 claim to a § 727 action. His original action states a claim under 11 U.S.C. § 523(a)(6). The Order extending time to file objections outside the Notice period to the Discharge of the Debtor clearly encompasses the Section 523(a)(6) action that Rodriguez timely filed on August 1, 2005. Accordingly, Debtor's Motion to Dismiss must be denied.

### CONCLUSION

For all of the above reasons, the Motion to Dismiss of Debtor Timothy Sneed to the Complaint of Creditor George Rodriguez is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum–Opinion.

### ORDER

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss of Defendant/Debtor Timothy Sneed to the Complaint of Creditor George Rodriguez, be and hereby is **DENIED**.