In the Matter of BALDWIN–UNITED CORPORATION, D.H. Baldwin Company, Debtors and Debtors in Possession.

Bankruptcy No. 1–83–02495.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 11, 1983.

See also, Bkrtcy., 38 B.R. 802.

Edgar Booth, New York City, for movant Anthony Ben Walsh.

James Bridgeland, Jr., Eugene Ruehlmann, Thomas Kahle, Cincinnati, Ohio, for movant Fifth Third Bank et al.

James Nespole, New York City, for movants Greenwich Fine Arts and Private Water Supply.

Robert White and Linda Smith, Los Angeles, Cal., for debtors.

ORDER APPOINTING EQUITY SECURITY HOLDERS' COMMITTEE AND DENYING APPOINTMENT OF ADDITIONAL COMMITTEES

RANDALL J. NEWSOME, Bankruptcy Judge.

Upon motions filed by Anthony Ben Walsh et al, and the Fifth Third Bank et al, and the application filed by Greenwich Fine Arts, Inc. and Private Water Supply, Inc., for the appointment of committees in these Chapter 11 cases, and after due consideration of these and related pleadings, the Court enters the following ORDER:

1. The motion of the Fifth Third Bank et al ("Fifth Third") requesting the appointment of an additional committee to act as a sub-committee of the Baldwin-United unsecured creditors' committee is DENIED.

2. The application of Greenwich Fine Arts, Inc. and Private Water Supply, Inc. ("Greenwich") for the appointment of a committee of holders of Baldwin-United Class U cumulative convertible preferred stock is DENIED.

 The denied motion and application raise many of the same issues. Both claim that the creditors' committees as approved in this Court's October 21, 1983 order are incapable of adequately representing their interests. Fifth Third argues that the movants' claims and interests "differ from and may conflict with" the interests of the other B–U committee members. In light of the fact that their status as B–2 debenture holders has yet to be determined, the movants have established only a potential conflict. The Court should refrain from *a priori* judgment concerning potential conflicts. If there are, in fact, conflicts, a

proper party may later raise the issue and the Court can resolve it under § 1102(c). *In re Penn-Dixie Industries, Inc.*, 9 B.R. 941, 943 (Bankr.S.D.N.Y.1981). We find that three of the eight movants are already represented in the current creditors' committees,[1] and thus believe that, for the purposes of 11 U.S.C. § 1102 the movants are adequately represented within the current committee structure. A creditors' committee is "purposely intended to represent the necessarily different interests and concerns of the creditors it represents. It must necessarily be adversarial in a sense, though its relation with the debtor may be supportive and friendly." *In re Daig Corp.*, 17 B.R. 41, 43 (Bankr.D.Minn.1981).

Furthermore, "those who serve on a creditors' committee owe a fiduciary duty to all creditors which they fulfill by advising creditors of their rights and of the proper course of action in the bankruptcy proceeding." *In re REA Holding Corp.*, 8 B.R. 75, 81 (Bankr.S.D.N.Y.1980).

Greenwich also argues potential conflicts in that it claims interests superior to the common stockholders but subordinate to holders of convertible subordinated debentures, neither of whom, according to Greenwich, have reason or incentive to represent the Class U holders. Greenwich is not currently represented on either of the general unsecured creditors' committees.

Debtors estimate that there may be between 20 and 50 different classes of equity security holders. This court has heard from only three of those classes. We do not have before us sufficient facts upon which to determine the extent to which the rights and responsibilities of the various classes of holders are at odds, and any such determination made now would be mere speculation.

Conflicts among creditors are inherent in all bankruptcy cases. In a case as complex as this one, they are inevitable. Yet, we do not believe, and decline to rule, that a separate committee for each equity security interest will engender harmony or alleviate conflict among creditors. We believe the opposite would result, and at an astronomical cost to the bankruptcy estates. We do, however, believe that representation of the various equity security holders will be necessary in the reorganization process. Thus, we reserve the right to make a future appointment of a hybrid committee consisting of a representative or representatives of each of the various holders demonstrating distinct interests once we are presented with facts enabling us to make such an appointment. Such a committee, if appointed, shall be separate and apart from an equity security holders committee consisting solely of common stockholders.

■ 3. The motion of Anthony Ben Walsh et al requesting the appointment of an equity security holders' committee was filed October 14, 1983, and heard at the Status Hearing No. 1 on October 17, 1983. All parties in interest were given until October 27, 1983, to show cause why such a committee should not be appointed. The Securities and Exchange Commission (SEC) filed a memorandum in support of the motion together with a suggested procedure for forming such a committee. There were no other responses.

The Court finds that a committee of common stockholders is necessary to assure adequate representation and protect the interest of the 15,000-plus holders of Baldwin-United common stock.

Accordingly, pursuant to 11 U.S.C. § 1102(a)(2), that portion of the Walsh motion requesting appointment of a common stockholders' committee is hereby GRANTED. The designation of committee members shall await the completion of the selection process as outlined by the Securities and Exchange Commission in its October

---

**1.** Because we deny their motion, we do not reach the issue of the overlapping representation of Western & Southern Life Insurance Company, and the proposed overlap in representation by First National Bank of Cincinnati and First National Bank of Louisville. We note in passing, however, that such representation is viewed dimly by this and other courts. *In re Proof of the Pudding*, 3 B.R. 645, 649 (Bankr.S. D.N.Y.1980).

26, 1983 submission with the following modifications:

(a) Within 10 days from the entry of this order (November 21, 1983), Baldwin-United shall furnish the Court and the SEC a list of equity security holders excluding those holders who are officers or directors, past and present, of Baldwin-United Corporation or its subsidiaries or affiliates;

(b) Within 25 days from the entry of this order (December 15, 1983), the notice and questionnaire attached hereto as Exhibits A and B shall be mailed to the 50 largest holders of record of Baldwin-United Corporation.

(c) Baldwin-United Corporation shall bear the expenses incurred in complying with the request contained in the notice that clearing houses, stock exchanges and brokerage houses forward the notice and questionnaire to their 20 largest beneficial owners of such common stock.

(d) Within 60 days from the entry of this order (January 10, 1984), Baldwin-United Corporation shall file with the Court a certificate indicating the total number of responses received together with copies of the completed questionnaire and shall serve copies of such certificate and questionnaire upon the SEC;

(e) Any unsolicited common stockholder wishing to be considered for appointment to the committee shall be permitted to file a written request with the Court together with the information requested in the questionnaire.

(f) Ten days after the filing of the certificate (January 20, 1984), the Court shall designate the members of the committee.

IT IS SO ORDERED.

### EXHIBIT A

### NOTICE REGARDING FORMATION OF COMMON STOCK HOLDERS' COMMITTEE

This notice is to inform you that the above-captioned companies (the "Debtor") filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code on September 26, 1983. Upon request, the Court has determined that the appointment of a Common Stock Holders' Committee is necessary to assure adequate representation of the shareholders of Baldwin-United Corporation, and has therefore ordered the appointment of a Common Stock Holders' Committee as soon as possible.

You are one of the largest shareholders of the Debtor's common stock. If you are willing to serve as a member of the Common Stock Holders' Committee, please complete the enclosed questionnaire and return it within ten days to the Debtor's attorney:

Robert J. White, Esq.
O'Melveny & Meyers
c/o Baldwin-United Corporation
330 Madison Avenue
New York, New York 10017

Your participation is voluntary, and your rights as a shareholder are not prejudiced in any manner if you elect not to serve as a member of the committee. Service on the committee may entail some travel. There are no provisions under the Bankruptcy Code for the reimbursement of expenses of the committee members. A notice of appointment will be sent to all those shareholders selected by the Court for membership on the committee. The powers and duties of committees are described in Section 1103 of the Bankruptcy Code. A copy is attached for your convenience.

In the event that you hold stock of Baldwin-United Corporation in street name or trust, it is requested that you immediately transmit a copy of this material to your twenty largest beneficial holders of such stock. The Court has authorized the Debtor to reimburse clearing houses, stock exchanges and brokerage houses for reasonable expenses incurred as a result of forwarding the notice and questionnaire to beneficial holders.

Dated: Cincinnati, Ohio
    December   , 1983

Randall J. Newsome
United States Bankruptcy
Judge

## CHAPTER 1103

### Powers and Duties of Committees

BANKRUPTCY CODE, Section 1103

(11 United States Code § 1103)

§ 1103. Powers and duties of committees.

(a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

(b) A person employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity in connection with the case.

(c) A committee appointed under section 1102 of this title may—

(1) consult with the trustee or debtor in possession concerning the administration of the case;

(2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

(3) participate in the formulation of a plan, advise those represented by such committee of such committee's recommendations as to any plan formulated, and collect and file with the court acceptances of a plan;

(4) request the appointment of a trustee or examiner under section 1104 of this title, if a trustee or examiner, as the case may be, has not previously been appointed under this chapter in the case; and

(5) perform such other services as are in the interest of those represented.

(d) As soon as practicable after the appointment of a committee under section 1102 of this title, the trustee shall meet with such committee to transact such business as may be necessary and proper.

### EXHIBIT B
#### QUESTIONNAIRE

I ___ want to serve          )
                             )    as a member of the
  ___ do not want to serve )
Common Stock Holders' Committee of Baldwin-United Corporation

Answers to the following questions will assist in the formation of forming a representative committee:

Do you hold any other claims against          ___Yes ___No
the Debtor?   If yes, please explain.

Were you ever an employee of the          ___Yes ___No
Debtor?

If yes, please indicate position held and length of employment.

Present occupation:

Number of common stock shares
beneficially owned as of September          _____
27, 1983.

Length of time shares have been
beneficially owned.          _____

Print Name of Record Holder:          _____
                       Address:          _____
                                         _____
                     Telephone:          _____
                     Signature:          _____
                          Date:          _____